# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THERESA MARIE SIWKA
et al.,

      Plaintiffs,                      CIVIL ACTION NO. 08-cv-12152

   vs.

                                       DISTRICT JUDGE NANCY G. EDMUNDS

SMART RECOVERY SERVICE,      MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
      Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART GMAC INC.'S MOTION TO COMPEL RESPONSES TO ITS REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS (DOCKET NO. 114)

This matter comes before the Court on Defendant GMAC Inc.'s Motion To Compel Responses To Its Request For Production Of Documents To Plaintiffs filed on November 25, 2009. (Docket no. 114). The Court ordered that Responses were due by December 14, 2009. (Docket no. 115). The matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 75). The present motion being fully briefed by Defendant GMAC, Inc. and Plaintiffs having failed to respond to the motion, the Court dispenses with oral argument. E.D. Mich. LR 7.1(a). The matter is now ready for ruling.

Defendant GMAC served a Request for Production Of Documents on Plaintiffs via First Class mail on September 4, 2009 at Plaintiffs' address of record, 45756 Bonaventure Drive, Macomb, MI 48044. (Docket no. 114-3). The Request for Production contained a single request asking Plaintiffs to "produce all notes, memoranda, diaries, and any other written documentation prepared by Ms. Siwka or Mr. Christie that addresses Ms. Siwka and/or Mr. Christie's conversations

with GMAC, Semperian and True-Pay regarding payment with respect to the 2006 Chevrolet Cobalt that was repossessed at Plaintiffs' former residence in Walled Lake, Michigan on May 22, 2007." (Docket no. 114-3). Defendant GMAC alleges that Plaintiffs have not responded to the discovery request and shows that it has contacted Plaintiffs by letters dated October 12, 2009 and November 9, 2009 in an attempt to secure responses to the Request with the necessity of filing a motion to compel. (Docket nos. 114-4, 114-6). Plaintiffs responded to the first letter alleging that they did not receive the discovery and that it must have been sent to Plaintiffs' previous address. (Docket no. 114-5). Defendant GMAC responded to Plaintiffs and have shown that the discovery was sent to Plaintiffs' current address of record in this case. (Docket no. 114-6). Plaintiffs to date have failed to respond to the September 4, 2009 discovery request, Defendant's November 9, 2009 correspondence regarding the same, or the instant motion to compel.

"A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: (A) any designated documents or electronically stored information. . . ." Fed. R. Civ. P. 34(a). Defendant GMAC's Request for Production is proper and seeks discovery of non-privileged documents and information relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1).

"The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs did not respond to Defendant GMAC's Request For Production as required by Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs have not filed a response opposing Defendant GMAC's motion. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The Court will order Plaintiffs to produce a full and complete response and all responsive documents without objections within 14 days of entry of this order.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Compel Responses To Its Request For Production Of Documents To Plaintiffs is **GRANTED** in part and Plaintiffs will produce full responses and all responsive documents without objection to Defendant GMAC LLC's (sic) Request For Production Of Documents To Plaintiffs **on or before August 12, 2010.**

**IT IS FURTHER ORDERED** that Defendant GMAC, Inc.'s request for attorneys fees and costs (docket no. 114) in this motion is denied without prejudice. Fed. R. Civ. P. 37(a)(5)(A)(iii).

**IT IS FURTHER ORDERED** that because this is not Plaintiffs' first failure to respond to discovery or otherwise prosecute their case, **Plaintiffs are on notice that any failure by Plaintiffs to comply with this Order will result in this Court sanctioning Plaintiffs as set forth in Fed. R. Civ. P. 37(b)(2), which sanctions may include the dismissal Plaintiffs' action in full or in part, the award of a default judgment against Plaintiffs, and/or an order that Plaintiffs pay to Defendant GMAC the reasonable expenses caused by any failure to comply with this Order.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 29, 2010        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: July 29, 2010        s/ Lisa C. Bartlett
                            Case Manager