UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA MARIE SIWKA
et al.,
       Plaintiffs,                      CIVIL ACTION NO. 08-cv-12152

vs.
                                      DISTRICT JUDGE NANCY G. EDMUNDS

SMART RECOVERY SERVICE,      MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** Defendant GMAC, Inc.'s Motion For Summary Judgment With Respect To The Claims Brought Against It By Plaintiffs filed on October 27, 2009 (docket no. 105) should be **GRANTED** in part as to Plaintiffs' Counts I, III, IV and VI and **DENIED** in part as to Plaintiffs' Count V, as set forth below.

**II.    REPORT:**

    *A.    Procedural History, Facts, and Claims*

Plaintiffs filed their original complaint in this action on May 16, 2008. (Docket no. 1). Plaintiffs' Second Amended Complaint For Damages And Jury Demand was filed on October 2, 2008. (Docket no. 28). Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 over their federal civil rights claims and their claim for violation of the Fair Debt Collection Practices Act. (Docket no. 28 ¶ 1).

Plaintiffs name ten defendants in their Second Amended Complaint including General Motors Acceptance Corporation ("Defendant GMAC"). Plaintiffs' claims arise from a vehicle

repossession on May 22, 2007. (Docket no. 28 ¶¶ 17, 18). A Retail Installment Sale Contract GMAC Flexible Finance Plan (the "Contract") dated March 30, 2006 was entered into by Plaintiff Richard K. Christie with seller and creditor Dick Morris Chevrolet, Inc. for the purchase and financing of a new 2006 Chevrolet Cobalt (the "vehicle"). (Docket no. 105-3). Dick Morris Chevrolet assigned its interest in the Contract to GMAC. (Docket no. 105-3). Pursuant to the agreement, Plaintiff Christie agreed to make sixty monthly payments beginning on May 14, 2006 in the amount of $272.49 each. (Docket no. 105-3).

The Contract provides that Federal law and Michigan law apply. The Contract provides that "IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES . . . We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it." (Docket no. 105-3). Plaintiff Christie testified at his deposition that he understood that GMAC had the right to have the vehicle repossessed if he did not make the payments and that he understood that when he signed the agreement. (Docket no. 105-5, p. 5).

Plaintiffs allege that in early 2007 Plaintiff Christie was injured at work, was unable to work and fell behind on his monthly vehicle payments. (Docket no. 28 ¶ 19). Defendant GMAC agrees that Plaintiff Christie failed to make timely payments, but is without knowledge as to the reason. (Docket no. 32 ¶ 19). Plaintiff Christie testified at his deposition that when the car was repossessed the first time, he got it back by paying one lump sum in January 2007 which brought the payments current and covered towing and storage of the car. (Docket no. 105-5 pp. 7-8). Plaintiff Christie testified that he started "getting behind" again on the car payments in February 2007. (Docket no 105-5 p. 9). Defendant GMAC provided with its brief an April 30, 2007 letter from GMAC Financial Services to Richard K. Christie with its Motion. (Docket no. 105-7). The letter to Plaintiff

Christie states that the amount due "now" is $784.31, the last day for payment was May 12, 2007 and "[i]f you do not pay by this date, we may exercise our rights under the law." (Docket no. 105-7). Plaintiff Christie testified in his deposition that he does not remember receiving the letter but he is "sure it came through." (Docket nos. 105-5 p. 8, 105-7).

Plaintiff Christie testified that Plaintiff Siwka was going to call GMAC to "figure out a plan" to get them "back on track" with the vehicle payments. (Docket no. 105-5, p. 9). While the parties disagree as to the method of payment which was required, Plaintiffs testified in their respective depositions that as part of the plan, a payment was required to be made no later than Friday, May 18, 2007. (Docket no. 105-5, pp. 10-11). Plaintiff Siwka testified that the payment was "due on the Friday before the car was repossessed," which would have been May 18, 2007. (Docket no. 105-4, p. 16). Plaintiffs' deposition testimony is consistent that Plaintiff Siwka attempted to make the payment on Friday, May 18, 2007 through an automated payment system called True Pay and that Plaintiff Siwka was unable to make a payment through True Pay on May 18, 2007. Plaintiff Siwka testified that the True Pay system "kept kicking me back to a community voice mail system and (sic) not let me go through to True Pay when I would put in my account number." (Docket no. 105-4 pp. 155-56). Plaintiff Siwka testified that she continued to try to make the payment through True Pay on Saturday and Sunday and was finally able to make the payment Monday morning, which was May 21, 2007. (Docket no. 105-4, pp. 157-58). Plaintiff Siwka also testified that on that date she left a phone message for someone named "Jim" advising that payment had been made and giving a confirmation number for her payment, as she alleges she had been advised to do pursuant to the new plan. Plaintiff Christie's deposition testimony corroborates these events. (Docket no. 105-5).

Plaintiffs allege that on May 22, 2007 "Defendant GMAC sent its agent, Smart Recovery Service, L.L.C. to Plaintiffs' home to repossess" the vehicle. (Docket no. 28 ¶ 25). The parties agree that on Tuesday, May 22, 2007, Smart Recovery Service LLC repossessed the vehicle. (Docket no. 105 p. 5). Plaintiffs allege that Defendant Anthony Benavides is a police officer and employee of Ingham County who was also employed by Defendant Smart Recovery Service LLC and he entered Plaintiffs' property to repossess the vehicle. (Docket no. 28 ¶¶ 6, 16, 29). Plaintiffs allege that Defendant Benavides assaulted Plaintiff Siwka by pulling his firearm and brandishing it at her, threatening her. (Docket no. 28 ¶ 30). Plaintiffs allege that Plaintiff Siwka attempted to explain that she was no longer in default on the car payments and allege that "Defendant Benavides made no effort to properly investigate" her claim that she was not in default. (Docket no. 28 ¶¶ 33, 34). Plaintiffs allege that Defendant Benavides called the local police department and that Walled Lake police officer co-Defendants Todd Hawke and Calvin Rix arrived at the scene. (Docket no. 28 ¶ 38). Village of Wolverine Lake police officer co-Defendant David Cunningham also arrived on the scene. (Docket no. 28 ¶¶ 7, 47). Plaintiffs allege a series of events which culminated in the repossession of the vehicle and Plaintiffs being arrested, restrained and taken into custody. (Docket no. 28 ¶ 64). Defendant GMAC's Motion includes copies of the Walled Lake PD Arrest Report for Plaintiff Siwka and Plaintiff Christie for Offense No. 4898 Obstruct Police and/or Fireman. (Docket no. 105-13).

Plaintiffs' deposition testimony is consistent regarding the following additional issues: 1) On the date on which Plaintiff Siwka made the payment through True Pay, the bank account from which the payment would be drawn had insufficient funds to cover the payment, 2) after the car was repossessed Plaintiffs went to the bank to attempt to stop the payment for the car and were advised

that to stop payment would cost "pretty much so (sic) around the same amount of money if it was (sic) to come through for nonsufficient funds," 3) Plaintiffs decided not to put the money into the bank account to cover the True Pay payment for the car (Plaintiff Siwka testified that "[w]e just didn't put that part of the money in there, that's all. The money that we had for the car payment we just did not deposit it into the bank account") and 4) at sometime in June 2007 Plaintiff Siwka was eventually informed that the payment for the car did not go through because there were not sufficient funds. (Docket nos. 105-4, pp. 19, 161; 105-5). Defendant GMAC provided with its brief an account statement for Plaintiffs Siwka and Christie showing a returned item fee charged on May 23, 2007 for insufficient funds. (Docket no. 105-19).

Plaintiffs allege that prior to the May 22, 2007 incident, Plaintiffs and Defendant GMAC entered into an agreement regarding the monthly vehicle payments. (Docket no. 28 ¶ 20). Defendant GMAC denies the allegation that they had an agreement, but "admits that it stated that it would not repossess the vehicle only if Christie made agreed upon payments by agreed upon dates." (Docket no. 32 ¶ 20).

Plaintiffs raise seven counts in their Second Amended Complaint. Five of the counts name Defendant GMAC. Count I alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Defendant GMAC and co-Defendants three named police officers and Smart Recovery, L.L.C. Count II alleges liability pursuant to 42 U.S.C. 1983 by the municipal Defendants. Count III alleges statutory conversion, receipt or concealment by Defendants GMAC and Smart Recovery, L.L.C. Count IV alleges common law conversion by Defendants GMAC and Smart Recovery, L.L.C. Count V alleges violation of U.C.C. Article 9 by Defendant GMAC, Count VI alleges a breach of the duty of good faith under the U.C.C. by Defendant GMAC and Count VII is a claim for violation

of the Fair Debt Collection Practices Act against Defendant Smart Recovery, L.L.C. (Docket no. 28).

Defendant GMAC brings this Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 56 with respect to all of Plaintiffs' claims against it. (Docket no. 105). Plaintiffs did not file a response to Defendant GMAC's Motion For Summary Judgement. Plaintiffs were given an extension to file a Response to this and the other pending Motions for Summary Judgment, failed to meet that deadline and requested a second extension, which was denied for failure to show good cause to extend. (Docket nos. 122, 134). The Court notes that despite Plaintiffs' continued requests for an extension to secure counsel and file responses, Plaintiffs have failed, for over twelve months, to secure counsel despite the Court granting repeated extensions for the same. (Docket nos. 62, 65, 122). The Court is mindful that it is required to construe Plaintiffs' pro se pleadings liberally, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court also notes that Plaintiffs' Second Amended Complaint was filed when Plaintiffs were represented by counsel.

This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 75). Having reviewed the brief and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant GMAC's motion without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party has the burden of showing "the absence of a genuine issue of material fact." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id*. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own "pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact). "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id*. at 1435-36. Summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering

this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiffs' complaint. *See id*. The Court does not have to "accept as true legal conclusions or unwarranted factual inferences." *Id*.

   **C.   Analysis**

   *1.   Whether Defendant GMAC Can Be Held Vicariously Liable For The Actions of Others Pursuant to 42 U.S.C. § 1983, Count I*

In Count I, Plaintiffs allege that "Defendant GMAC, through its agents, servants, or employees, acted jointly and in concert with the Defendant police officers." (Docket no. 28 ¶ 73). Plaintiffs allege that "[a]s a result of their unlawful, malicious, reckless, and indifferent acts or omissions, the Defendant officers, GMAC, and Smart Recovery, L.L.C., both alone and in concert, conspired to and acted under color of law but contrary to law and did deprive Plaintiffs of their rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983," including Plaintiffs' right to be free from an unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and their right to due process of law pursuant to the Fourteenth Amendment. (Docket no. 28 ¶ 75).

Defendant GMAC asks that the Court dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) because it cannot be held liable pursuant to 42 U.S.C. § 1983 on a respondent superior or vicarious liability basis. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of Plaintiffs' Complaint. Because Defendant GMAC has already answered Plaintiffs' Second Amended Complaint, this is more properly a motion for judgment on the pleadings, which "is governed by the same standard as a motion to dismiss." *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251 (E.D. Mich. 1992) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Quinn's Automotive, Inc. v. City of Parma,* 2007 WL 3232287 at *4 (N.D. Ohio, Oct. 31, 2007) ("To assert a claim under § 1983, a plaintiff must demonstrate that '(1) the conduct in controversy [was] ... committed by a person acting under color of state law, and (2) the conduct ... deprive[d] the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.'").

"A plaintiff cannot rely on a theory of respondeat superior to hold a municipality liable under § 1983." *Quinn's Automotive,* 2007 WL 3232287 at *5. As Defendant GMAC points out "every circuit to consider the issue has extended the holding to private corporations as well." *Street v. Corrections Corp. Of America*, 102 F.3d 810, 818 (6th Cir. 1996) (finding that a publicly held corporation operating a prison was not vicariously liable for the actions of a co-defendant corrections officer accused of violating plaintiff's Eighth Amendment rights).

As set forth above, none of the individuals present at the repossession activities alleged in Plaintiffs' complaint are employees of Defendant GMAC and Defendant GMAC is not a state actor, nor did it act under color of state law. Plaintiffs' 42 U.S.C. § 1983 claim makes only the generic allegation that Defendant GMAC was one of the actors that deprived them of their constitutional rights. Even if GMAC were an employer of one of the actors, to prevail on such a claim, Plaintiffs would have to allege and show a policy or custom of Defendant GMAC upon which to predicate liability, or evidence of a failure to properly train or supervise employees. *See Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989). Plaintiffs did not make allegations that this is a policy or custom

of GMAC and did not allege or show evidence of a failure to properly train or supervise its employees. There is no other basis under which Defendant GMAC could be liable pursuant to 42 U.S.C. § 1983. The Court should grant Defendant GMAC's Motion as to Plaintiffs' Count I for a Civil Rights Violation pursuant to 42 U.S.C. § 1983, against Defendant GMAC.

### 2. *Whether Plaintiff Siwka May Maintain A Conversion Claim Against Defendant GMAC, Counts III and IV*

Defendant GMAC argues that there is no factual basis for Plaintiffs' statutory and common law conversion claims, Counts III and IV. "Under Michigan law, the tort of conversion differs from statutory conversion in that the 'tort of conversion is 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.' ... [while] [s]tatutory conversion, by contrast, consists of knowingly 'buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property.''" *Gillom v. Ralph Thayer Automotive Livonia*, 2005 WL 1640273 at *2 (E.D. Mich. July 13, 2005) (citing *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, 603 (Mich.App.1999)); Mich. Comp. Laws § 600.2919a).

Defendant GMAC argues that Plaintiff Siwka's conversion claim should be dismissed because she was not an owner of the vehicle despite Plaintiffs' claims in the Second Amended Complaint that Plaintiff Siwka is an owner of the vehicle. In support of its brief, Defendant GMAC provided the Contract and excerpts from the depositions of Plaintiffs Christie and Siwka. (Docket nos. 105-4, 105-5). Only Plaintiff Christie is named on the Contract and at his deposition Plaintiff Christie admitted that his signature appears on the first page of the purchase agreement for the 2006 Chevy Cobalt. (Docket no. 105-C). Plaintiff Siwka testified in her deposition that she was not

"legally" the owner of the vehicle and at Plaintiff Christie's deposition he testified that Plaintiff Siwka was not an owner of the vehicle. (Docket no. 105-4 p.6; 105-5 p.6).

Both Plaintiffs admitted in their respective depositions that Plaintiff Siwka is not a legal owner of the vehicle and the Contract identifies only Plaintiff Christie as the purchaser of the vehicle. There is no genuine issue as to the fact that Plaintiff Christie owned the vehicle and that Plaintiff Siwka was not an owner of the vehicle and is without property rights therein. Therefore, the Court should grant Defendant GMAC's Motion for Summary Judgment as to Plaintiff Siwka's claims for statutory and common law conversion, Counts III and IV, against Defendant GMAC.

### 3. *Whether There Is A Factual Basis For Plaintiff Christie's Claims For Statutory or Common Law Conversion, Counts III and IV*

Defendant GMAC also argues that Plaintiff Christie's conversion claims must fail because GMAC had the right to have the vehicle repossessed and points out that Plaintiffs' argument to the contrary is unsupported. Aside from their allegations in the Second Amended Complaint, Plaintiffs have failed to establish a genuine issue as to the fact that GMAC had the right to repossess the vehicle on May 22, 2007. Although Defendant GMAC and Plaintiffs disagree on some of the details of the "plan" to avoid repossession of the vehicle by making a designated payment on May 18, 2007, for example, the form of payment, whether by certified check or electronic payment, there is no genuine issue as to the following facts: (1) The Contract contained a clause allowing the vehicle to be repossessed for a default in payment; (2) a default is defined in the Contract as "[y]ou do not pay any payment on time," (3) Plaintiff Christie agreed in the deposition that he understood that the Contract provided that Defendant GMAC had the right to have the vehicle repossessed if he failed to make the payments and he understood this at the time he signed the Contract; (4) Plaintiff Christie stated in his deposition that he was behind on the vehicle payments, which "probably" started in

February 2007, (5) Defendant Christie testified that he understood that under a payment plan arranged between Defendant GMAC and Plaintiff Siwka a payment was due on Friday, May 18, 2007, (6) the payment was not made on May 18, 2007, (7) the payment was not made until Monday, May 21, 2007, and (8) Plaintiffs Christie and Siwka stated in their depositions that to their knowledge there were not sufficient funds in the account to make the payment (docket nos. 105-4 p. 162; 105-5 p.16) and (9) after the car was repossessed on May 22, 2008 Plaintiffs made a decision not to deposit funds to cover the vehicle payment.

The Court has considered Plaintiffs' deposition testimony that Plaintiff Siwka attempted to make the payment on May 18, 2007 through True Pay but that the True Pay system did not allow her to make the payment. Plaintiff Siwka's testimony does not raise a genuine issue as to the underlying facts set forth above that May 18, 2007 was the due date for the payment and that the payment was not made on May 18, 2007, regardless of the reason for the failure to make payment, or the form of payment which Defendant GMAC argues was required[1]. Prior to May 18, 2007 Plaintiff Christie was in default under the Contract. As of the close of May 18, 2007 without payment being made, Plaintiff Christie remained in default under the Contract and there is no genuine issue that Plaintiff Christie continued in default under the Contract through the time of the repossession. Therefore, Defendant GMAC had a right to repossess the vehicle consistent with Michigan law. M.C.L. § 440.9609.

Defendant GMAC did not wrongfully exert dominion over the vehicle, which is required to show the common law tort of conversion. Similarly, because the property was not converted,

---

[1] As Defendant GMAC points out, payment could have been made prior to May 18, 2007 and Plaintiff Christie did not attempt payment by another method. Defendant GMAC argues that payment was to be made by certified funds. (Docket no. 105 n.2).

Plaintiffs' statutory conversion claim must also fail. Furthermore, the statute cited by Plaintiffs for statutory conversion "'is not designed to provide a remedy against the individual who has actually stolen, embezzled, or converted the property,' but instead distinguishes between 'the actions of those assisting and the actions of the principal.'" *See Gillom*, 2005 WL 1640273 at *2. Like the principal in *Gillom*, GMAC "merely hired a contractor to take physical possession of the vehicle on its behalf" . . . and "did not simply assist in the alleged conversion, but was rather the principal actor and is therefore not liable for statutory conversion pursuant to Mich. Comp. Laws § 600.2919a." *Id.* at *2. For these reasons, the Court should grant Defendant GMAC's Motion for Summary Judgment as to Plaintiffs' Counts III and IV, statutory and common law claims for conversion, against Defendant GMAC.

### 4. *Whether There Is A Factual Basis For Plaintiffs' Claim That GMAC Violated M.C.L. § 440.9609, Count V*

Plaintiffs claim in Count V that Defendant GMAC violated Mich. Comp. Law § 440.9609 because at the time the vehicle was repossessed Plaintiffs were not in default of the Contract or had effectively cured their default and that during the course of repossessing the vehicle, Defendant GMAC's designated repossession agents breached the peace. (Docket no. 28 ¶¶ 89-93). Chapter 440, section 9609 of Michigan Compiled Laws provides that "[a]fter default, a secured party may do 1 or more of the following: . . . (a) Take possession of the collateral. . . ." and "(2) A secured party may proceed under subsection (1) either pursuant to judicial process, or without judicial process if it proceeds without breach of the peace." M.C.L.A. § 440.9609. This section was formerly Uniform Commercial Code (U.C.C.) section 9-503. Comments to the Uniform Commercial Code explain that

> Like former Section 9-503, this section does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts. In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral.
>
> This section does not authorize a secured party who repossesses without judicial process to utilize the assistance of a law-enforcement officer. A number of cases have held that a repossessing secured party's use of a law-enforcement officer without benefit of judicial process constituted a failure to comply with former Section 9-503.

M.C.L.A. § 440.9609, Uniform Commercial Code Cmt. (2003).

Neither party disputes that Defendant GMAC was the secured party in this instance. As set forth above, the Court should find that there is no evidence raising an issue as to whether Plaintiff Christie was in default under the Contract at the time the vehicle was repossessed. Plaintiffs also allege, however, a breach of the peace with the repossession of the vehicle.

Defendant GMAC argues that co-Defendant Smart Recovery carried out the vehicle repossession at issue and Plaintiffs have not alleged that anyone from GMAC was at Plaintiffs' residence when the repossession occurred, therefore, there is no basis for claiming that Defendant GMAC violated M.C.L.A. § 440.9609. Defendant GMAC further argues that "GMAC, through Semperian [the servicer of the loan], could not have been more diligent in ensuring that Smart Recovery followed the applicable laws governing repossession." (Docket no. 105, 105-18). Defendant GMAC has provided no legal support for these arguments.

The Court has not found legal authority directly on point. The Comment above is persuasive in its clear suggestion that Defendant GMAC may be held liable as the secured party if a breach of the peace occurred. Furthermore, there is enough evidence in the record to raise genuine issues as to whether a breach of peace occurred, and if so, who was involved. (Docket no. 28, 105-13). The

Court also notes that Plaintiff Siwka alleges that she was physically injured in the course of the repossession. (Docket no. 28 ¶ 65). *See generally Witucke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. App. 1976) (denying judgment for debtor who was physically injured in repossession of automobile by repossession service where defendant creditor/bank was denied the opportunity to argue important points in dispute).

The Court should find that genuine issues remain related to whether a breach of peace occurred which preclude finding in favor of Defendant GMAC's Motion For Summary Judgment with respect to Count No. V and the Court should deny Defendant GMAC's Motion for Summary Judgment with respect to Plaintiffs' Count No. V, for violation of U.C.C. Article 9, codified at Mich. Comp. Law § 440.9609.

### 5. *Whether There Is A Legal Or Factual Basis For Plaintiffs' Claim That GMAC Breached A Duty Of Good Faith, Count No. VI*

Plaintiffs argue in Count VI that pursuant to the U.C.C., Defendant GMAC had a duty to act in good faith and it breached that duty. Plaintiffs argue that "GMAC repossessed the vehicle in spite of its promise not to if the Plaintiffs made a payment and agreed to move two additional payments to the end of the loan." (Docket no. 28 ¶ 96). Plaintiffs failed to cite the statute or law on which they rely for their argument. Chapter 440, section1203 of Michigan Compiled Laws, Michigan's enactment of the U.C.C., provides that "[e]very contract or duty within this act imposes an obligation of good faith in its performance or enforcement." M.C.L. § 440.1203.

Defendant GMAC correctly points out that Michigan law does not recognize an independent cause of action pursuant to M.C.L. § 440.1203. The official U.C.C. Comment to this section provides that

> This section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the particular circumstances, a remedial right or power. This distinction makes it clear that the doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.

M.C.L.A. § 440.1203, Uniform Commercial Code Cmt. (2001); *see also Metropolitan Alloys Corp. v. Considar Metal Marketing, Inc.*, 2007 WL 2874005 at *10 (E.D. Mich. Sept. 25, 2007) ("Yet, it is quite clear, whether under the UCC or under more general principles of Michigan contract law, that there is no independent cause of action for breach of this implied covenant."); *Pidcock v. Ewing*, 371 F. Supp. 2d 870, 880, 882 (E.D. Mich. 2005) (finding no independent cause of action for breach of duty of good faith and fair dealing and dismissing these claims as to defendants); *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279-80 (Mich. App. 2003) ("The trial court properly ruled that Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing . . . and therefore, properly dismissed this claim.").

Plaintiffs have alleged no circumstances under which they may maintain a separate claim for the breach of a duty of good faith. Therefore, the Court should grant Defendant GMAC's Motion For Summary Judgment as to Count No. VI against Defendant GMAC alleging breach of duty of good faith.

### 6. *The Court Should Retain Jurisdiction Over Remaining State Law Claims Against Defendant GMAC Until and Unless It Has Disposed Of All Federal Claims Arising From This Occurrence At Issue In Plaintiffs' Second Amended Complaint*

Despite the recommended dismissal of all federal claims against Defendant GMAC, state law claims remain against this Defendant and at this time federal claims remain against the other parties arising from the same case or controversy. *See* 28 U.S.C. § 1367(c)(3) ("in any civil action of which

the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). For this reason the Court should retain supplemental jurisdiction over Plaintiffs' remaining claim, Count V, against Defendant GMAC.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: August 12, 2010          s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: August 12, 2010          s/ Lisa C. Bartlett
                                       Case Manager