**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THERESA MARIE SIWKA
et al.,
        Plaintiffs,                    CIVIL ACTION NO. 08-cv-12152

   vs.
                                            DISTRICT JUDGE NANCY G. EDMUNDS

SMART RECOVERY SERVICE,      MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** Defendant/Counter-Plaintiff GMAC, Inc.'s Motion For Summary Judgment With Respect To Its Counterclaim Against Richard Christie filed on October 27, 2009 (docket no. 101) should be **DENIED** without prejudice and the Court should ORDER Plaintiff/Counter-Defendant Christie to file and serve a written answer to Defendant/Counter-Plaintiff GMAC LLC's Counterclaim and Reliance on Jury Demand (docket no. 42) within 21 days and grant Defendant/Counter-Plaintiff GMAC an extension to re-file this dispositive motion within 14 days of service of Plaintiff/Counter-Defendant Christie's Answer.

**II.    REPORT:**

        *A.    Procedural History, Facts, and Claims*

Plaintiffs' claims arise from a vehicle repossession on May 22, 2007. (Docket no. 28 ¶¶ 17, 18). Plaintiffs filed their original complaint in this action on May 16, 2008. (Docket no. 1). Plaintiffs' Second Amended Complaint For Damages And Jury Demand was filed on October 2, 2008. (Docket no. 28). Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331

over their federal civil rights claims and their claim for violation of the Fair Debt Collection Practices Act. (Docket no. 28 ¶ 1). Plaintiffs name ten defendants in their Second Amended Complaint including Defendant/Counter-Plaintiff General Motors Acceptance Corporation (hereinafter "Defendant GMAC"). Defendant GMAC filed a counterclaim against Plaintiff/Counter-Defendant Christie (hereinafter "Plaintiff Christie) on October 30, 2008 for breach of contract. (Docket no. 42). Plaintiff Christie did not file an answer Defendant GMAC's Counterclaim.

Defendant GMAC brings this Motion pursuant to Fed. R. Civ. P. 56 seeking summary judgment on its counterclaim against Plaintiff Christie for breach of contract and seeks a judgment in the amount of $1,941.54 and an award of "any other damages the Court deems appropriate under the circumstances, including interest, costs and attorney fees." (Docket no. 101). Plaintiff Christie did not file a response to Defendant GMAC's Motion For Summary Judgement. Both Plaintiffs were given an extension to file responses to this and the other pending Motions for Summary Judgment, failed to meet that deadline and requested a second extension, which was denied for failure to show good cause to extend. (Docket nos. 122, 134). The Court is mindful that it is required to construe Plaintiffs' pro se pleadings liberally, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court also notes that Plaintiffs' Second Amended Complaint was filed when Plaintiffs were represented by counsel.

This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 75). Having reviewed the brief and accompanying exhibits, as well as the record as a whole, and in light of the circumstances set forth in detail below, the Court finds that oral argument would not aid the

decisional process. Accordingly, the Court will decide Defendant GMAC's motion without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B.      *Standard of Review*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party has the burden of showing "the absence of a genuine issue of material fact." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id*. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own "pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact). "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id*. at 1435-36. Summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial."
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

      **C.    Analysis**:  **Whether Defendant GMAC Is Entitled To Summary Judgment On Its Breach Of Contract Claim Against Plaintiff Christie**

Defendant GMAC argues that it is entitled to summary judgment on its breach of contract claim against Plaintiff Christie as a matter of law. Defendant GMAC argues that Plaintiff Christie breached the Contract by failing to make the payments and that pursuant to the Contract, Plaintiff Christie owes Defendant GMAC the difference between the sale price of the vehicle and the amount still owing on the vehicle, plus costs and interest.

As set forth above, without Plaintiff Christie's Answer to Defendant GMAC LLC's Counterclaim, the Court cannot conclude that there is no genuine issue of material fact as to Defendant GMAC's breach of contract claim. Fed. R. Civ. P. 56(c). Plaintiff Christie appears pro se, and gained his pro se status shortly after Defendant GMAC's Counterclaim was filed. During the period in which Plaintiff Christie's attorneys could have timely responded to the Counterclaim, Plaintiff Christie's attorneys moved to withdraw their representation and submitted a stipulated Order To Enlarge Time For Filing Answer To Counter-Claim asking to extend the time for answering the Counterclaim until after the Court ruled on the Motions to Withdraw as Counsel. (Docket nos. 47, 48, 49). The District Court's November 21, 2008 Order To Enlarge Time For Filing Answer To Counter-Claim provides that "[I]t is hereby ordered that the time for answering the counter-claim in this lawsuit is enlarged until after the Court rules on the pending Motions to Withdraw as Counsel; at that time the Court will direct these parties as to a time for answering the counter-claim." (Docket no. 49). The motions to withdraw were granted on November 24, 2008.

(Docket no. 50). No order appears on the docket directing a time for Plaintiff Christie to answer Defendant GMAC's Counterclaim[1].

Plaintiff Christie has not otherwise responded to Defendant GMAC's Motion for Summary Judgment, despite being granted an extension to respond. Yet in light of the circumstances of this matter, including Plaintiff's pro se status, and due to the absence of an Answer to the very claim at issue in this motion, the Court cannot conclude that there are no genuine issues of material fact with respect to Defendant GMAC's Counterclaim for breach of contract. Fed. R. Civ. P. 56(c). The docket does not show that Plaintiff Christie was ever provided with a date on which to answer the Counterclaim. (Docket no. 42). If Plaintiff Christie had simply failed to answer, the Clerk could have entered a default and Defendant GMAC could have proceeded from there, without resort to the pending motion. Fed. R. Civ. P. 55. But where this pro se Plaintiff had been advised that he would be given a date by which to answer and he was not so advised, the Court cannot now simply conclude that the failure to answer shows a lack of a genuine issue of material fact. Fed. R. Civ. P. 56(c). To do so would be to deprive Plaintiff Christie of the opportunity to defend the Counterclaim at its most basic level.

Defendant GMAC did not move for a default on the basis of Plaintiff Christie's failure to respond, which would have brought this issue to both Plaintiff Christie's and the Court's attention, yet now seeks Summary Judgment on the same claim. The Court suggests that it would be unjust to construe these circumstances in favor of Defendant GMAC's Motion for Summary Judgment without Plaintiff Christie having had an opportunity to answer the Counterclaim.

---

[1] Docket no. 71 orders Plaintiffs to respond to a Motion for Summary Judgment and Motions to Compel but makes no mention of the Counterclaim. (Docket no. 71).

The Court's recommendation herein should be read in no way to construe that blanket denials by Plaintiff Christie, without more, will be enough to defeat Defendant GMAC's next motion for summary judgment, and Plaintiff Christie is on notice that the Court will not entertain further delay in answering and responding in this matter beyond the time set forth herein. Plaintiff Christie's failure to file and serve an Answer within the time ordered by the Court should result in a default judgment against him on the Counterclaim. Fed. R. Civ. P. 55.

### III. CONCLUSION:

For these reasons, the Court should do the following:

1) DENY Defendant GMAC's Motion for Summary Judgment With Respect To Its Counterclaim Against Richard Christie without prejudice;

2) **ORDER Plaintiff Christie to file an Answer to Defendant GMAC LLC's Counterclaim (docket no. 42) within twenty-one (21) days of entry of this Report and Recommendation, WITH NO FURTHER EXTENSIONS OF TIME TO ANSWER**, and;

3) GRANT Defendant GMAC fourteen (14) days from entry of Plaintiff's Answer to refile a Motion For Summary Judgment, if appropriate. Plaintiff Christie will then have 21 days to file a response as set forth in E.D. Mich. LR 7.1(e)(1) **WITH NO EXTENSIONS.**

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes

a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 12, 2010         s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: August 12, 2010         s/ Lisa C. Bartlett
                                              Case Manager