**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THERESA MARIE SIWKA
et al.,
      Plaintiffs,                          CIVIL ACTION NO. 08-cv-12152

vs.

                                              DISTRICT JUDGE NANCY G. EDMUNDS

SMART RECOVERY SERVICE,     MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendants Smart Recovery Service, LLC and Anthony Benavides's Motion For Summary Judgment (docket no. 107) filed on October 30, 2009 should be **GRANTED** as set forth below as to Plaintiffs' Counts I, III, IV and VII against Defendants Smart Recovery Service, LLC and Anthony Benavides and Defendants' request for dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) should be **DENIED** without prejudice.

**II.**     **REPORT:**

        *A.*    *Procedural History, Facts, and Claims*

Plaintiffs filed their original complaint in this action on May 16, 2008. (Docket no. 1). Plaintiffs' Second Amended Complaint For Damages And Jury Demand was filed on October 2, 2008. (Docket no. 28). Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 over their federal civil rights claims and their claim for violation of the Fair Debt Collection Practices Act. (Docket no. 28 ¶ 1).

Plaintiffs name nine defendants in their Second Amended Complaint including Defendant Smart Recovery Service, LLC (Defendant Smart Recovery) and Defendant Anthony Benavides (Defendant Benavides). Plaintiffs' claims arise from a vehicle repossession on May 22, 2007. (Docket no. 28 ¶¶ 17, 18). Plaintiff Richard K. Christie entered into a Retail Installment Sale Contract GMAC Flexible Finance Plan (the "Contract") on March 30, 2006 with seller and creditor Dick Morris Chevrolet, Inc. for the purchase and financing of a new 2006 Chevrolet Cobalt (the "vehicle"). (Docket no. 107-7). Dick Morris Chevrolet assigned its interest in the Contract to General Motors Acceptance Corporation ("Defendant GMAC"). (Docket no. 107-7). Pursuant to the Contract, Plaintiff Christie agreed to make sixty monthly payments beginning on May 14, 2006 in the amount of $272.49 each. (Docket no. 107-7). The Contract provides that Federal law and Michigan law apply.

The Contract provides that "IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES . . . We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it." (Docket no. 107-7). Plaintiff Christie testified at his deposition that he understood that GMAC had the right to have the vehicle repossessed if he did not make the payments and that he understood that when he signed the agreement. (Docket no. 107-8, p. 5).

Defendant Smart Recovery alleges that Defendant GMAC entered into a service contract with non-party Semperian under which Semperian would perform repossession services for Defendant GMAC. Defendant Smart Recovery provided a copy of a March 29, 2007 letter from Semperian to Defendant Smart Recovery and the March 29, 2007 Semperian/Smart Service Agreement (Service Agreement) with its motion. (Docket no. 107-3).

Plaintiffs allege that in early 2007 Plaintiff Christie was injured at work, was unable to work and fell behind on his monthly vehicle payments. (Docket no. 28 ¶ 19). Plaintiff Christie testified at his deposition that when the car was repossessed the first time, he got it back by paying one lump sum in January 2007 which brought the payments current and covered towing and storage of the car. (Docket no. 107-8 pp. 7-8). Plaintiff Christie testified that he started "getting behind" again on the car payments in February 2007. (Docket no 107-8 p. 9).

As set forth in the Court's August 12, 2010 Report and Recommendation regarding Defendant GMAC's Motion For Summary Judgment With Respect To The Claims Brought Against It By Plaintiffs, the Court recommends dismissal of four of Plaintiffs' five claims against Defendant GMAC. (Docket no. 135). In the Report and Recommendation the Court determined that there are no genuine issues of fact as to the following:

1. Plaintiff Christie owned the vehicle and Plaintiff Siwka is without property rights therein.

2. Plaintiff Christie was in default under the Contract prior to May 18, 2007 and remained in default under the Contract through the time of the May 22, 2007 repossession of the vehicle. (Docket no. 135).

Defendant Smart Recovery alleges that pursuant to the Service Contract, on May 21, 2007 it was assigned to repossess the vehicle. (Docket nos. 107 p. 10 of 28, 107-4). This allegation is supported by the Affidavit of Defendant Benavides and a GMAC Outside Repossession Company Assignment document provided with Defendant Smart Recovery's motion. (107-4, 107-5). Plaintiffs allege that on May 22, 2007 "Defendant GMAC sent its agent, Smart Recovery Service, L.L.C. to Plaintiffs' home to repossess" the vehicle. (Docket no. 28 ¶ 25). Defendants Smart

3

Recovery and Benavides allege that on May 21, 2007 after 11:30 p.m. Defendant Benavides went to Plaintiffs' residence with his associate Jeff Hays to repossess the vehicle. (Docket no. 107 p. 10 of 28).

Plaintiffs allege that Defendant Benavides is a police officer and employee of Ingham County who was also employed by Defendant Smart Recovery Service LLC and he entered Plaintiffs' property to repossess the vehicle. (Docket no. 28 ¶¶ 6, 16, 29). Plaintiffs allege in their complaint that Defendant Benavides assaulted Plaintiff Siwka by pulling his firearm and brandishing it at her, threatening her. (Docket no. 28 ¶ 30). Plaintiffs allege that Plaintiff Siwka attempted to explain that she was no longer in default on the car payments and allege that "Defendant Benavides made no effort to properly investigate" her claim that she was not in default. (Docket no. 28 ¶¶ 33, 34). The parties agree that Defendant Benavides called the local police department and that Walled Lake police officer co-Defendants Todd Hawke and Calvin Rix (Defendant Officers) arrived at the scene. (Docket no. 28 ¶ 38). Village of Wolverine Lake police officer co-Defendant David Cunningham (Defendant Sergeant Cunningham) also arrived on the scene after Defendant Officers. (Docket no. 28 ¶ ¶ 7, 47).

Defendants Smart Recovery and Benavides allege that Plaintiff Siwka was cursing, speaking vulgarly, demanding that the vehicle not be towed away and at some point jumped onto the hood of the vehicle, at which point Plaintiff Christie also came out of the residence. (Docket no. 107). The parties' versions of these events diverge, including with respect to the time at which the vehicle was hooked to the tow truck and whether Plaintiff Christie voluntarily relinquished the vehicle keys or only did so in response to police officer involvement and/or under threat of arrest by Defendant Officers and Defendant Sergeant Cunningham. (Docket no. 107-8, Plaintiff Christie Dep. pp. 34-

4

35). Despite Defendant Benavides's affidavit stating that Plaintiff Christie voluntarily tendered the vehicle keys, Defendant Sergeant Cunningham in the Supplement Report reported that both Plaintiffs had placed themselves between the tow truck and the vehicle and that Defendant Sergeant Cunningham had removed both Plaintiffs from between the vehicle and the tow truck. (Docket nos. 107-5 ¶ 13; 107-6). All parties agree that the events culminated in the repossession of the vehicle. Plaintiffs allege that they were also arrested, restrained and taken into custody. (Docket no. 28 ¶ 64). As set forth in this Court's Report and Recommendation dated August 23, 2010, docket no. 137, there is no evidence raising a genuine issue of fact that Plaintiffs were not actually arrested, but received a citation/ticket.

Plaintiffs raise seven counts in their Second Amended Complaint. Count I alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Defendants GMAC, the police officers and Smart Recovery, L.L.C. Count II alleges liability pursuant to 42 U.S.C. 1983 by the municipal Defendants. Count III alleges statutory conversion, receipt or concealment by Defendants GMAC and Smart Recovery, L.L.C. Count IV alleges common law conversion by Defendants GMAC and Smart Recovery, L.L.C. Count V alleges violation of U.C.C. Article 9 by Defendant GMAC, Count VI alleges a breach of the duty of good faith under the U.C.C. by Defendant GMAC and Count VII is a claim for violation of the Fair Debt Collection Practices Act by Defendant Smart Recovery, L.L.C. (Docket no. 28).

Defendants Smart Recovery and Benavides bring this Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 56 with respect to all of Plaintiffs' claims against them. (Docket no. 107). Plaintiffs did not file a response to Defendants' Motion For Summary Judgment. Plaintiffs were given an extension to file a Response to this and the other pending Motions for Summary Judgment, failed

to meet that deadline and requested a second extension, which was denied for failure to show good cause to extend. (Docket nos. 122, 134). The Court notes that Plaintiffs have made continued requests for an extension to secure counsel and file responses and that Plaintiffs have failed for over twelve months to secure counsel, despite the Court granting repeated extensions for the same. (Docket nos. 62, 65, 122). The Court is mindful that it is required to construe Plaintiffs' pro se pleadings liberally, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court also notes that Plaintiffs' Second Amended Complaint was filed when Plaintiffs were represented by counsel.

This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 75). Having reviewed the brief and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record, and that oral argument would not aid the decisional process. The Court will decide Defendants Benavides and Smart Recovery's motion without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B. *Standard of Review*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party has the burden of showing "the absence of a genuine issue of material fact." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id*. A mere scintilla of evidence is insufficient to defeat

a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own "pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact). "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id*. at 1435-36. Summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiffs' complaint. *See id*. The Court does not have to "accept as true legal conclusions or unwarranted factual inferences." *Id*.

"The federal courts, under Rule 56, 'in addition to the pleadings . . . will consider all papers of record, as well as any material prepared for the (summary judgment) motion . . . .'" *Northwestern*

7

*Nat. Ins. v. Corley*, 503 F.2d 224, 232 (7th Cir. 1974) (citing 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2712, at 476 (1973)).

**C. Analysis**

***1. Whether Defendant Smart Recovery Can Be Held Vicariously Liable For The Actions of Others Pursuant to 42 U.S.C. § 1983, Count I and Whether Plaintiffs Can Maintain a § 1983 Claim Against Defendant Benavides***

In Count I, Plaintiffs allege that "Defendant Smart Recovery, through its agents, servants, or employees, acted jointly and in concert with the Defendant police officers." (Docket no. 28 ¶ 73). Plaintiffs allege that "[a]s a result of their unlawful, malicious, reckless, and indifferent acts or omissions, the Defendant officers, GMAC, and Smart Recovery, L.L.C., both alone and in concert, conspired to and acted under color of law but contrary to law and did deprive Plaintiffs of their rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983," including Plaintiffs' right to be free from an unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and their right to due process of law pursuant to the Fourteenth Amendment. (Docket no. 28 ¶ 75).

As an initial matter, Michigan law allows self-help repossession of secured collateral after default if it can be accomplished without a breach of peace. M.C.L. § 440.9609. It is well-settled that codifying self-help repossession does not turn the repossession into state action due to the mere existence of state legislation. *See Gary v. Darnell*, 505 F.2d 741 (6th Cir. 1974) (Kentucky law allowing possession of secured collateral without judicial action if possession can be accomplished without breach of peace does not establish state action); *and Hill v. Michigan Nat'l Bank of Detroit*, 228 N.W.2d 407 (Mich. App. 1975); *compare with Watkins v. Kanitz*, 2004 WL 3457634 at *4 (W.D. Mich. Sept. 24, 2004) ("The Supreme Court has recognized that a police officer's

8

participation in an improper repossession (without a court order) constitutes a seizure under the Fourth Amendment.").

Defendants Smart Recovery and Benavides argue that Plaintiff has failed to establish a claim under 42 U.S.C. § 1983 because Defendants' conduct was not an action under color of state law and there is no evidence that Plaintiffs have been deprived of a civil right. Defendant Smart Recovery also argues that Plaintiffs have not alleged or established a policy, practice or custom that resulted in their injuries. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of Plaintiffs' Complaint.

First the Court will address Defendant Smart Recovery's motion on this count. Because Defendant Smart Recovery has already answered Plaintiffs' Second Amended Complaint, this is more properly a motion for judgment on the pleadings, which "is governed by the same standard as a motion to dismiss." *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251 (E.D. Mich. 1992) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Quinn's Automotive, Inc. v. City of Parma,* 2007 WL 3232287 at *4 (N.D. Ohio, Oct. 31, 2007) ("To assert a claim under § 1983, a plaintiff must demonstrate that '(1) the conduct in controversy [was] ... committed by a person acting under color of state law, and (2) the conduct ... deprive[d] the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.'").

"A plaintiff cannot rely on a theory of respondeat superior to hold a municipality liable under § 1983." *Quinn's Automotive,* 2007 WL 3232287 at *5. "[E]very circuit to consider the issue has extended the holding to private corporations as well." *Street v. Corrections Corp. Of America*, 102 F.3d 810, 818 (6th Cir. 1996) (citations omitted) (finding that a publicly held corporation operating a prison was not vicariously liable for the actions of a co-defendant corrections officer accused of violating plaintiff's Eighth Amendment rights).

As set forth above, Defendant Smart Recovery is not a state actor, nor did it act under color of state law. Plaintiffs' 42 U.S.C. § 1983 claim makes only the generic allegation that Defendant Smart Recovery was one of the actors that deprived them of their constitutional rights. Even as an employer of one of the actors, to prevail on such a claim, Plaintiffs would have to allege and show a policy or custom of Defendant Smart Recovery upon which to predicate liability, or evidence of a failure to properly train or supervise employees. *See Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989); *see also Sova v. City of Mount Pleasant*, 142 F.3d 898 (6th Cir. 1998). "Neither negligence, nor the doctrine of *respondeat superior* can provide the basis for [section] 1983 municipal liability." *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 86 Fed. Appx. 137, 141 (6th Cir. 2004). Plaintiffs did not make allegations that this is a policy or custom of Defendant Smart Recovery and did not allege or show evidence of a failure to properly train or supervise its employees. The Court should grant Defendant Smart Recovery's Motion as to Plaintiffs' Count I for a Civil Rights Violation pursuant to 42 U.S.C. § 1983, against Defendant Smart Recovery.

As to Defendant Benavides, there is no genuine issue of fact that Defendant Benavides is a police officer with Ingham County and is employed by the private company Defendant Smart

Recovery to repossess vehicles, including the vehicle at issue herein and was present at the events giving rise to this action. The Court notes that it has already concluded that Plaintiffs have sufficiently alleged violations of their constitutional rights by Defendant Officers Rix and Hawke and Defendant Sergeant Cunningham to avoid Defendant Officer Rix and Hawke's motion for summary judgment on this issue and there exist genuine issues of material fact related to the same, as set forth in the Court's Report and Recommendation dated August 23, 2010, docket no. 137.

The issue is whether Defendant Benavides was acting under color of state law. "The United States Supreme Court has held that acting under color of state law requires that a defendant in a § 1983 action have exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of the state.'" *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO*, 86 Fed. Appx. at 141.

> 'It is the nature of the act performed, not the clothing of the actor or even the status of being on-duty, or off-duty, which determines whether the officer has acted under color of law.' A police officer acts under color of state law when he purports to exercise official authority. . . . Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations. *Id.*

Plaintiff Siwka in her deposition testified that she saw that Defendant Benavides had a gun. (Docket no. 107-11 p. 144). She also testified that on the night of the repossession, Defendant Benavides did not tell her he was a police officer. (Docket no. 107-10 p. 65). She did not know that he was a police officer until she was in court following the repossession events and she heard Defendant Benavides say that he was a police officer. (Docket no. 107-11 p. 141-42). Similarly, Plaintiff Christie testified that he did not know on the night of the repossession incident that Defendant Benavides was a police office. (Docket no. 107-8 p. 64).

11

Defendant Benavides's other actions on the night of the repossession do not show that he was purporting to exercise official authority. Plaintiff Siwka testified that Defendant Benavides was on her property when she came out of her home on the evening of the repossession incident. (Docket no. 107-10 p. 65). Plaintiff Siwka testified that she said she was going to call the police and Defendant Benavides told her he was on the phone with them. (Docket no. 107-11 p. 81). Plaintiff Christie testified that when he came out of the house, Defendant Benavides and the other Smart Recovery employee (not a party to this action) were off of his property and were in the street, where Defendant Benavides purported to be on the telephone with the police. (Docket no. 107-8 p. 63).

There is no evidence in the record to support the allegation that Defendant Benavides purported to exercise official authority during the repossession activities where Plaintiffs were unaware of Defendant Benavides status as an officer at the time of the repossession. Defendants Benavides and Smart Recovery's Motion For Summary Judgment should be granted as to Count I.

## 2. *Whether Plaintiff Siwka May Maintain A Conversion Claim Against Defendant Smart Recovery, Counts III and IV*

Defendants Smart Recovery and Benavides argue that because Defendant GMAC was entitled to repossess the vehicle there is no basis for Plaintiffs' statutory or common law conversion claims. Defendants also argue that there is no genuine issue of material fact that Plaintiff Siwka did not have an ownership interest in the vehicle and therefore her conversion claims must fail. "Under Michigan law, the tort of conversion differs from statutory conversion in that the 'tort of conversion is 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.' ... [while] [s]tatutory conversion, by contrast, consists of knowingly 'buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted

property.'"" *Gillom v. Ralph Thayer Automotive Livonia*, 2005 WL 1640273 at *2 (E.D. Mich. July 13, 2005) (citing *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, 603 (Mich.App.1999)); Mich. Comp. Laws § 600.2919a).

Defendants Smart Recovery and Benavides argue that Plaintiff Siwka's conversion claim should be dismissed because she was not an owner of the vehicle despite Plaintiffs' claims to the contrary in the Second Amended Complaint. The Court addressed this issue in its Report and Recommendation dated August 12, 2010, docket no. 135. Defendant GMAC moved for summary disposition of the conversion claims and provided the Contract and excerpts from the depositions of Plaintiffs Christie and Siwka. (Docket nos. 105-4, 105-5). Only Plaintiff Christie is named on the Contract and at his deposition Plaintiff Christie admitted that his signature appears on the first page of the purchase agreement for the 2006 Chevy Cobalt. (Docket nos. 107-7, 107-8). Plaintiff Siwka testified in her deposition that she was not "legally" the owner of the vehicle and at Plaintiff Christie's deposition he testified that Plaintiff Siwka was not an owner of the vehicle. (Docket nos. 107-8 p.6; 107-10 p.6).

Both Plaintiffs admitted in their respective depositions that Plaintiff Siwka is not a legal owner of the vehicle and the Contract identifies only Plaintiff Christie as the purchaser of the vehicle. There is no genuine issue as to the fact that Plaintiff Christie owned the vehicle and that Plaintiff Siwka was not an owner of the vehicle and is without property rights therein. Consistent with the Court's Report and Recommendation with respect to Defendant GMAC on Plaintiff Siwka's conversion claims, the Court should grant Defendants Smart Recovery and Benavides's Motion for Summary Judgment as to Plaintiff Siwka's claims for statutory and common law conversion, Counts III and IV.

3.  *Whether There Is A Factual Basis For Plaintiff Christie's Claims For Statutory or Common Law Conversion, Counts III and IV*

Defendants Smart Recovery and Benavides also argue that Plaintiff Christie's conversion claims must fail because Defendant GMAC had the right to have the vehicle repossessed and points out that Plaintiffs' argument to the contrary is unsupported. Aside from their allegations in the Second Amended Complaint, Plaintiffs have failed to establish a genuine issue as to the fact that Defendant GMAC had the right to repossess the vehicle on May 22, 2007. The Court sets forth these findings in detail in the Report and Recommendation dated August 12, 2010, docket no. 135.

As set forth in the Report and Recommendation docket no. 135, there is no genuine issue of material fact that prior to May 18, 2007 Plaintiff Christie was in default under the Contract. As of the close of May 18, 2007 without payment being made, Plaintiff Christie remained in default under the Contract and there is no genuine issue that Plaintiff Christie continued in default under the Contract through the time of the repossession. Therefore, Defendant GMAC had a right to repossess the vehicle consistent with Michigan law. M.C.L. § 440.9609.

Defendant GMAC did not wrongfully exert dominion over the vehicle, which is required to show the common law tort of conversion. There is no allegation or claim that Defendant GMAC was not within its rights or law to contract this service out to another, namely Semperian, who contracted with Defendant Smart Recovery. Similarly, because the property was not converted, stolen or embezzled, Plaintiffs' statutory conversion claim must also fail[1]. For these reasons, the

---
[1] The Court notes that there remain genuine issues of material fact as to whether a breach of peace occurred during the vehicle repossession. M.C.L. § 440.9609. The Court has not found legal authority to conclude that a breach of peace invalidates an otherwise valid repossession. The remedy for a breach of peace during a repossession is an award of damages. M.C.L. § 440.9625.

14

Court should grant Defendants Benavides and Smart Recovery's Motion for Summary Judgment as to Plaintiffs' Counts III and IV, statutory and common law claims for conversion, against Defendants Benavides and Smart Recovery[2].

*4.     Whether There Is A Legal Or Factual Basis For Plaintiffs' Claim That Defendants Smart Recovery and Benavides Violated The Fair Debt Collection Practices Act*

Plaintiffs argue in Count VII that "Smart Recovery is a 'debt collector' as that term is defined in 15 U.S.C. 1692a(6)" and "violated one or more provisions of the Fair Debt Collection Practices Act (FDCPA), including, but not limited to 15 U.S.C.1692f(6)."  (Docket no. 28 ¶¶ 100,101).  The only violation which Plaintiffs' claim identifies is that of section 1692f(6).

15 U.S.C. § 1692f(6) provides that

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of the section:

(6) Taking or threatening to take any non-judicial action to affect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(g).

Defendants Benavides and Smart Recovery do not argue that they are not debt collectors as defined by the FDCPA.  15 U.S.C. § 1692a(6).  Defendants Benavides and Smart Recovery argue instead that Defendant GMAC had a right to possession of the property through an enforceable security interest.  As set forth above, the Court found that there was no genuine issue of material fact

---

[2] The Court also notes that despite Defendant Benavides asking for Summary Judgment on all counts, it is not at all clear from Plaintiffs' Second Amended Complaint that Plaintiffs bring Counts III, IV and VII against Defendant Benavides where Plaintiffs name only Defendant Smart Recovery and do not include "agents, servants and employees" as they did in Count I for the § 1983 claim.  In any event, the Court will address Counts III, IV and VII as to both Defendants because it is able to dispose of them.

that Plaintiff Christie was in default on the vehicle payments under the Contract, the Contract provided a security interest in the vehicle, and Defendant GMAC had a right to repossession of the vehicle pursuant to the Contract. Therefore, there existed a present right to possession of the vehicle through an enforceable security interest. The Court should grant Defendants Benavides and Smart Recovery's Motion For Summary Judgment as to Count No. VII alleging violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6).

5. *Defendants' Request For Dismissal For Failure To Respond To Discovery*

Defendants Smart Recovery and Benavides allege that Plaintiffs failed to comply with a Court order regarding their September 8, 2009 motion to compel and seek dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). (Docket nos. 96). The Order to which Defendants refer is the Court's Order setting a time for Plaintiffs to file a response to Defendants' motion (docket no. 98), not an order compelling discovery. At the time Defendants filed this Motion For Summary Judgment seeking the sanction of dismissal, the Court had not yet ruled on Defendants' Motion to Compel. (Docket nos. 96, 98, 107). The Court is not aware that Plaintiffs have failed to comply with the later April 6, 2010 Order Granting In Part and Denying In Part Defendants' Motion To Compel. (Docket no. 129). For this reason, and because the Court makes the recommendation herein to grant the remainder of Defendants' Motion for Summary Judgment on the merits, the Court should deny without prejudice Defendants' Fed. R. Civ. P. 37(b)(2)(A)(v) request to dismiss Plaintiffs' claims.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for

16

in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 25, 2010  s/ Mona K. Majzoub  
MONA K. MAJZOUB  
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: August 25, 2010  s/ Lisa C. Bartlett  
Case Manager