UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA MARIE SIWKA
et al.,

      Plaintiffs,                    CIVIL ACTION NO. 08-cv-12152

vs.

                                    DISTRICT JUDGE NANCY G. EDMUNDS

SMART RECOVERY SERVICE,     MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** Defendant GMAC Inc.'s Motion For Summary Judgment With Respect To Smart Recovery Service, LLC And Anthony Benavides' Cross-Claim Against GMAC Inc. (Docket no. 103) should be **DENIED** without prejudice.

**II.** **REPORT:**

    **A.** **Procedural History, Facts, and Claims**

Plaintiffs filed their original complaint in this action on May 16, 2008. (Docket no. 1). Plaintiffs' Second Amended Complaint For Damages And Jury Demand was filed on October 2, 2008. (Docket no. 28). Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 over their federal civil rights claims and their claim for violation of the Fair Debt Collection Practices Act. (Docket no. 28 ¶ 1).

Plaintiffs named nine defendants in their Second Amended Complaint including Defendant/Cross-Defendant GMAC Inc. (Defendant GMAC), Defendant/Cross-Plaintiff Smart

1

Recovery Service, LLC (Defendant Smart Recovery) and Defendant/Cross-Plaintiff Anthony Benavides (Defendant Benavides). Defendants Smart Recovery and Benavides filed a Counter Cross-Claim against GMAC on December 3, 2008. (Docket no. 55).

Defendant GMAC filed this Motion for Summary Judgment With Respect To Smart Recovery Service, LLC And Anthony Benavides' Cross-Claim Against GMAC, Inc. on October 27, 2009. (Docket no. 103). Defendants Smart Recovery and Benavides filed a Response on December 11, 2009. (Docket no. 116). Defendant GMAC filed a Reply on December 18, 2009. (Docket no. 119). This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 75). Having reviewed the briefs and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record, and that oral argument would not aid the decisional process. The Court dispenses with oral argument. E.D. Mich. LR 7.1(f)(2).

Plaintiffs' claims arise from a vehicle repossession on May 22, 2007. (Docket no. 28 ¶¶ 17, 18). Plaintiff Richard K. Christie entered into a Retail Installment Sale Contract GMAC Flexible Finance Plan (the "Contract") on March 30, 2006 with seller and creditor Dick Morris Chevrolet, Inc. for the purchase and financing of a new 2006 Chevrolet Cobalt (the "vehicle"). (Docket no. 107-7). Dick Morris Chevrolet assigned its interest in the Contract to Defendant GMAC. (Docket no. 107-7).

Plaintiffs allege that in early 2007 Plaintiff Christie was injured at work, was unable to work and fell behind on his monthly vehicle payments for the second time. (Docket no. 28 ¶ 19). Plaintiff Christie testified at his deposition that when the car was repossessed the first time, he got it back by paying one lump sum in January 2007 which brought the payments current and covered towing and

storage of the car. (Docket no. 107-8 pp. 7-8). Plaintiff Christie testified that he started "getting behind" again on the car payments in February 2007. (Docket no 107-8 p. 9).

Defendant GMAC entered into a service contract with non-party Semperian under which Semperian would perform repossession services for Defendant GMAC. (Docket no. 103-3). Semperian entered into a service agreement (Service Agreement) with Defendant Smart Recovery dated March 29, 2007 under which Defendant Smart Recovery would perform services including repossession of vehicles and locating customers and vehicles. (Docket no. 103-2).

On May 21, 2007 Defendant Smart Recovery was assigned to repossess the vehicle. (Docket nos. 103 p.2; 107 p. 10 of 28; 107-4). Plaintiffs allege that on May 22, 2007 "Defendant GMAC sent its agent, Smart Recovery Service, L.L.C. to Plaintiffs' home to repossess" the vehicle. (Docket no. 28 ¶ 25). Defendants Smart Recovery and Benavides allege that on May 21, 2007 after 11:30 p.m. Defendant Benavides went to Plaintiffs' residence with his associate Jeff Hays to repossess the vehicle. (Docket no. 107 p. 10 of 28).

The parties' versions of the ensuing events at Plaintiffs' residence diverge but all parties agree that the events culminated in the repossession of the vehicle. Plaintiffs allege that they were also arrested, restrained and taken into custody. (Docket no. 28 ¶ 64). As set forth in this Court's Report and Recommendation dated August 23, 2010, docket no. 137, there is no evidence raising a genuine issue of fact that Plaintiffs were not actually arrested, but received a citation/ticket.

Plaintiffs raise seven counts in their Second Amended Complaint. Count I alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Defendants GMAC, the police officers and Smart Recovery, L.L.C. Count II alleges liability pursuant to 42 U.S.C. § 1983 by the municipal Defendants. Count III alleges statutory conversion, receipt or concealment by Defendants GMAC

3

and Smart Recovery, L.L.C. Count IV alleges common law conversion by Defendants GMAC and Smart Recovery, L.L.C. Count V alleges violation of U.C.C. Article 9 by Defendant GMAC, Count VI alleges a breach of the duty of good faith under the U.C.C. by Defendant GMAC and Count VII is a claim for violation of the Fair Debt Collection Practices Act by Defendant Smart Recovery, L.L.C. (Docket no. 28).

Defendants Smart Recovery and Benavides in their Counter Cross-Claim claim that they are "free from any causal negligence and/or any active fault/negligence in connection with the alleged incident and/or injuries and damages alleged by the Plaintiffs," that if GMAC is found to be negligent, responsible and liable for Plaintiff's injuries and damages, then any alleged liability of Defendants Smart Recovery and Benavides would be vicarious as a result of GMAC's acts or omissions, and that if any claim results in judgment against Defendants Smart and Benavides, then they are entitled to common law and/or implied contractual indemnity against GMAC. (Docket no. 55 ¶¶ 8, 9, 10). In their Counter Cross-Claim, Defendants Smart Recovery and Benavides specifically point out that Plaintiffs had alleged that "they had some form of an agreement with GMAC, prior to May 22, 2008, and, therefore, GMAC had no right, contractual or otherwise, to repossess their vehicle nor to hire the services of Smart and Benavides to repossess their vehicle." (Docket no. 55 ¶ 6). Defendant GMAC brings its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) and 56 arguing that Defendants Smart Recovery and Benavides are not entitled to common law or implied contractual indemnity.

**B.     Analysis**

The Court to date has entered Reports and Recommendations on four of the pending motions for summary judgment. As set forth in the Court's August 12, 2010 Report and Recommendation regarding Defendant GMAC's Motion For Summary Judgment With Respect To The Claims Brought Against It By Plaintiffs (docket no. 135), the Court recommends dismissal of four of Plaintiffs' five claims against Defendant GMAC. In the Report and Recommendation the Court determined that there are no genuine issues of fact as to the following:

1.     Plaintiff Christie owned the vehicle and Plaintiff Siwka is without property rights therein.

2.     Plaintiff Christie was in default under the Contract prior to May 18, 2007 and remained in default under the Contract through the time of the May 22, 2007 repossession of the vehicle. (Docket no. 135).

The Court concluded that there was no genuine issue raised as to the fact that Defendant GMAC had a right to repossess the vehicle on May 22, 2007. (Docket no. 135).

On August 25, 2010, the Court entered a Report and Recommendation (docket no. 139) granting Defendants Benavides and Smart Recovery's Motion For Summary Judgment on all of Plaintiffs' Counts against them, which were Counts I, III, IV and VII, including the claims for conversion. Therefore, the issues raised in Defendants Benavides and Smart Recovery's Counter Cross-Claim and Defendant GMAC's Motion for Summary Judgment (docket no. 103) are moot. For this reason, the Court should deny Defendant GMAC's Motion for Summary Judgment without prejudice at this time. If the claims against Defendants Smart Recovery and/or Benavides are

reinstated, Defendant GMAC would be allowed to refile its Motion for Summary Judgment on these issues.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 30, 2010    s/ Mona K. Majzoub
            MONA K. MAJZOUB
            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: August 30, 2010                     s/ Lisa C. Bartlett
                                                   Case Manager