**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THERESA MARIE SIWKA
et al.,
       Plaintiffs,                          **CIVIL ACTION NO. 08-cv-12152**

   vs.
                                           **DISTRICT JUDGE NANCY G. EDMUNDS**

**SMART RECOVERY SERVICE,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LLC, et al.,**
       Defendants.
_____/

## CORRECTED REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendant GMAC Inc.'s Motion For Summary Judgment With Respect To Its Cross-Claim Against Smart Recovery Service, LLC (docket no. 104) should be **GRANTED** in part and denied in part as set forth below.

**II.**     **REPORT:**

    **A.**     **Procedural History, Facts, and Claims**

Plaintiffs filed their original complaint in this action on May 16, 2008. (Docket no. 1). Plaintiffs' Second Amended Complaint For Damages And Jury Demand was filed on October 2, 2008. (Docket no. 28). Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 over their federal civil rights claims and their claim for violation of the Fair Debt Collection Practices Act. (Docket no. 28 ¶ 1).

Plaintiffs named nine defendants in their Second Amended Complaint including Defendant/Cross-Claimant GMAC Inc. (Defendant GMAC), Defendant/Cross-Defendant Smart

1

Recovery Service, LLC (Defendant Smart Recovery) and Defendant/Cross-Plaintiff Anthony Benavides (Defendant Benavides). Defendant GMAC filed a Cross-Claim Against Smart Recovery Services, LLC and Reliance On Jury Demand on October 10, 2008. (Docket no. 33).

Defendant GMAC filed this Motion for Summary Judgment With Respect To Its Cross-Claim Against Smart Recovery Service, LLC, on October 27, 2009. (Docket no. 104). Defendant Smart Recovery filed a Response on December 11, 2009. (Docket no. 117). Defendant GMAC filed a Reply on December 18, 2009. (Docket no. 120). This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 75). Having reviewed the briefs and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record, and that oral argument would not aid the decisional process. The Court dispenses with oral argument. E.D. Mich. LR 7.1(f)(2).

Plaintiffs' claims arise from a vehicle repossession on May 22, 2007. (Docket no. 28 ¶¶ 17, 18). Plaintiff Richard K. Christie entered into a Retail Installment Sale Contract GMAC Flexible Finance Plan (the "Contract") on March 30, 2006 with seller and creditor Dick Morris Chevrolet, Inc. for the purchase and financing of a new 2006 Chevrolet Cobalt (the "vehicle"). (Docket no. 107-7). Dick Morris Chevrolet assigned its interest in the Contract to Defendant GMAC. (Docket no. 107-7).

Plaintiffs allege that in early 2007 Plaintiff Christie was injured at work, was unable to work and fell behind on his monthly vehicle payments for the second time. (Docket no. 28 ¶ 19). Plaintiff Christie testified at his deposition that when the car was repossessed the first time, he got it back by paying one lump sum in January 2007 which brought the payments current and covered towing and

storage of the car. (Docket no. 107-8 pp. 7-8). Plaintiff Christie testified that he started "getting behind" again on the car payments in February 2007. (Docket no 107-8 p. 9).

Defendant GMAC entered into a service contract with non-party Semperian under which Semperian would perform repossession services for Defendant GMAC. (Docket no. 103-3, 104-3). Semperian entered into service agreement (Service Agreement) with Defendant Smart Recovery dated March 29, 2007 under which Defendant Smart Recovery would perform services including repossession of vehicles and locating customers and vehicles. (Docket no. 104-2).

On May 21, 2007 Defendant Smart Recovery was assigned to repossess the vehicle. (Docket nos. 103 p. 2; 107 p. 10 of 28; 107-4). Plaintiffs allege that on May 22, 2007 "Defendant GMAC sent its agent, Smart Recovery Service, L.L.C. to Plaintiffs' home to repossess" the vehicle. (Docket no. 28 ¶ 25). Defendant Smart Recovery and its employee Defendant Benavides allege that on May 21, 2007 after 11:30 p.m. Defendant Benavides went to Plaintiffs' residence with his associate Jeff Hays to repossess the vehicle. (Docket no. 107 p. 10 of 28).

The parties' to this action allege diverging versions of the ensuing events at Plaintiffs' residence but all parties agree that the events culminated in the repossession of the vehicle. Plaintiffs allege that they were also arrested, restrained and taken into custody. (Docket no. 28 ¶ 64). As set forth in this Court's Report and Recommendation dated August 23, 2010, docket no. 137, there is no evidence raising a genuine issue of fact that Plaintiffs were not actually arrested, but received a citation/ticket.

Plaintiffs raise seven counts in their Second Amended Complaint. Count I alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Defendants GMAC , the police officers and Smart Recovery, L.L.C. Count II alleges liability pursuant to 42 U.S.C. 1983 by the municipal Defendants.

Count III alleges statutory conversion, receipt or concealment by Defendants GMAC and Smart Recovery, L.L.C. Count IV alleges common law conversion by Defendants GMAC and Smart Recovery, L.L.C. Count V alleges violation of U.C.C. Article 9 by Defendant GMAC, Count VI alleges a breach of the duty of good faith under the U.C.C. by Defendant GMAC and Count VII is a claim for violation of the Fair Debt Collection Practices Act by Defendant Smart Recovery, L.L.C. (Docket no. 28).

Defendant GMAC in its Cross-Claim Against Smart Recovery Services, LLC And Reliance On Jury Demand (docket no. 33) brings a claim for breach of contract and indemnification against Defendant Smart Recovery based on an indemnification provision in the Service Agreement between Semperian and Defendant Smart Recovery. (Docket no. 33). Defendant GMAC alleges that it tendered defense to Defendant Smart Recovery of Plaintiffs' Counts No. I and V against Defendant GMAC. Defendant GMAC in its Cross-Claim asks the Court to enter a judgment "requiring Smart to indemnify GMAC from any judgment against it in this matter arising from Counts I and V of Plaintiffs' Second Amended Complaint, if any, and to reimburse it for all costs and attorney fees incurred in defending itself with respect to these claims." (Docket no. 33). Defendant GMAC brings its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 arguing that there is no factual dispute that Defendant Smart Recovery has breached its contractual obligations to Defendant GMAC. (Docket no. 104).

### B. Standard of Review

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving

4

party has the burden of showing "the absence of a genuine issue of material fact." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id*. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own "pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact). "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id*. at 1435-36. Summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The federal courts, under Rule 56, 'in addition to the pleadings . . . will consider all papers of record, as well as any material prepared for the (summary judgment) motion . . ..'" *Northwestern Nat. Ins. v. Corley*, 503 F.2d 224, 232 (7th Cir. 1974) (citing 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2712, at 476 (1973)).

C.     **Analysis**

1. *The Is No Genuine Issue Of Fact That Plaintiffs' Counts I and V Allege Claims That Arise From Service Performed Pursuant To The Service Agreement*

The Court notes that to date it has entered Reports and Recommendations on four of the pending motions for summary judgment. As set forth in the Court's August 12, 2010 Report and Recommendation regarding Defendant GMAC's Motion For Summary Judgment With Respect To The Claims Brought Against It By Plaintiffs, the Court recommends dismissal of four of Plaintiffs' five claims against Defendant GMAC with only Count V remaining. (Docket no. 135). In the Report and Recommendation the Court determined that there are no genuine issues of fact as to the following:

1. Plaintiff Christie owned the vehicle and Plaintiff Siwka is without property rights therein.

2. Plaintiff Christie was in default under the Contract prior to May 18, 2007 and remained in default under the Contract through the time of the May 22, 2007 repossession of the vehicle. (Docket no. 135).

The Court concluded that there was no genuine issue raised as to the fact that Defendant GMAC had a right to repossess the vehicle on May 22, 2007. (Docket no. 135). On August 25, 2010, the Court entered a Report and Recommendation granting Defendants Benavides and Smart Recovery's Motion For Summary Judgment on all of Plaintiffs' Counts against them, which were Counts I, III, IV and VII, including the claims for conversion. (Docket no. 139). The remaining claim against Defendant GMAC is Plaintiffs' Count V for violation of U.C.C. Article 9, M.C.L. §

440.9609 alleging that in the course of repossessing the vehicle, Defendant GMAC's designated repossession agents breached the peace. (Docket no. 28 ¶¶ 90, 91).

The indemnification provision on which Defendant GMAC relies is paragraph 11 of the Service Agreement between Semperian and Defendant Smart Recovery and it provides the following:

> Contractor [defined as Smart Recovery Services LLC] will indemnify Semperian and its servicing clients and hold them harmless from any and all losses, damages, claims and/or causes of action arising out of any Services performed under this Agreement between Semperian and Contractor and for violations of this agreement, including without limitation, violations of Section 6 regarding Confidentiality, Security, and Disposal of account information. (Docket no. 104-2 ¶ 11).

Despite Defendant GMAC explicitly limiting its Cross-Claim against Defendant Smart Recovery to seeking indemnification for only Plaintiffs' Counts I (section 1983 liability), and V (violation of U.C.C., M.C.L. 440.9609 alleging a breach of peace during the repossession) Defendant Smart Recovery does not address either of these Counts in its Response brief. Instead, Defendant Smart Recovery argues that the indemnification clause limits indemnification to losses, damages, claims and/or causes of action *arising out of* any Service performed under the Service Agreement. (Docket no. 117 p. 6 of 10). Defendant Smart Recovery goes on to argue that Count VI of Plaintiffs' Second Amended Complaint alleges that GMAC violated a repayment plan agreement reach by the parties and that GMAC's Repossession Order was granted in violation of that agreement. Therefore, Defendant Smart Recovery argues, GMAC's negligent or wrongful issuance of a Repossession Order did not "arise out of any services" to be performed by Smart under the Service Agreement. While Defendant Smart Recovery's argument might be a good one with respect to Plaintiffs' Count VI,

Plaintiffs' Count VI is not at issue in either Defendant GMAC's Cross-Claim or Motion for Summary Judgment.

Defendant Smart Recovery agrees that "the [Service] Agreement focused exclusively on the act of repossessing vehicles by Smart." GMAC has specifically limited its claim for indemnification to Plaintiffs' Counts I and V. The Court finds that Defendant Smart Recovery does not dispute Defendant GMAC's allegation that Counts I and V arose out of services performed by Defendant Smart Recovery. Counts I and V are claims arising from the physical repossession acts which took place, for example, Plaintiffs' allegation of a breach of peace pursuant M.C.L. § 400.9609. (Docket no. 28 ¶¶ 90,91). There is no genuine issue of fact that Counts I and V of Plaintiff's Second Amended Complaint arise from Defendant Smart Recovery's services performed pursuant to the Service Agreement.

### 2. *Whether GMAC Is A Third-Party Beneficiary To The Service Agreement*

Defendant GMAC argues that it is a third-party beneficiary to the Service Agreement between Semperian and Defendant Smart Recovery. Defendant Smart Recovery does not dispute that Defendant GMAC is a third-party beneficiary under the Service Agreement and does not dispute that Defendant GMAC is a servicing client of Semperian and pursuant to the Service Agreement. In fact, Defendant Smart Recovery admits that "paragraph 11 of the Semperian Agreement provides that GMAC is entitled to indemnification only with respect to claims 'arising out of any services performed under this Agreement.'" (Docket no. 117 p. 9).

The Court also notes that a finding that Defendant GMAC is a third-party beneficiary to the Service Agreement is consistent with Michigan law. *See Brunsell v. City of Zeeland*, 651 N.W.2d 388, 391 (Mich. 2002) (citations omitted) ("[A] third-party beneficiary may be a member of a class,

8

but the class must be sufficiently described. . . . the class must be something less than the entire universe."). There is no genuine issue of fact that Defendant GMAC is a third-party beneficiary of the Service Agreement between Defendant Smart Recovery and Semperian.

3.  ***Whether Defendant Smart Recovery Is Contractually Obligated To Indemnify Defendant GMAC From Plaintiffs' Count I and Remaining Count V***

Under Michigan law, "[a]ny person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." M.C.L. § 600.1405. Defendant Smart Recovery argues that the indemnity provision at issue "requires a negligent act or omission on the part of Smart to trigger the duty to indemnify." (Docket no. 117). Defendant Smart argues that the "provision is triggered only if there is a proven claim, negligent act or omission on the part of Smart" and that "an indemnitor to a contract of indemnity does not become liable until the indemnitee (GMAC) has suffered a proven loss." (Docket no. 117 p. 9 of 10). Defendant GMAC argues that a plain reading of the indemnity provision shows that Defendant Smart's obligations arise when the claims against Defendant GMAC are made and the Defendant Smart is responsible for Defendant GMAC's defense costs. (Docket no. 120 p. 3).

"Where parties have expressly contracted with respect to the duty to indemnify, the extent of the duty must be determined from the language of the contract." *Grand Trunk Western R, Inc. V. Auto Warehousing Co.*, 686 N.W. 2d 756 (Mich. App. 2004). "There is a well-recognized difference between contracts of indemnity against loss and contracts of indemnity against liability. In the former, the insurance company does not become liable until the insured has suffered a proven loss, where in the latter, the obligation of the insurance company becomes fixed when liability

9

attaches to the insured." *Bralko Holdings, Ltd. v. Insurance Company of North America*, 483 N.W.2d 929 (Mich. App. 1992). In an indemnity provision not unlike the one at bar, the court concluded that the parties "could have included a duty to defend provision, but did not do so." *See Fowler v. Detroit Symphony Orchestra, Inc.*, Docket no. 282978 at *6 (Mich. App. March 12, 2009). In *Fowler*, the provision at issue stated that

> To the fullest extent permitted by applicable law, Architect of Record agrees to indemnify and hold harmless [DSO] . . . for, from and against all liabilities, claims, damages, losses, liens, costs, causes of action, suits, judgments and expenses (including court costs, attorneys' fees, and costs of investigation), of any nature, kind or description of any person or entity, directly or indirectly, arising out of, caused by, or resulting from (in whole or in part), any negligent act or omission of Architect of Record, any (sic) its Subcontractors, anyone directly or indirectly employed by them, or any that they control or exercise control over . . . . *Id.* at *6.

The court found that this provision required "a negligent act or omission" by the Architect of Record" to trigger the duty to indemnify. The court pointed out that in *Fowler*, there was no finding of negligence, therefore the trial court erred in concluding that the indemnification agreement required the Architect of Record to indemnify Defendant DSO. *Id.* at *6. The court noted that the parties "could have included a duty to defend provision, but did not do so" and that "the parties also could have provided that Diamond & Schmitt would be required to indemnify DSO for any claims of cause of action caused by any 'alleged negligent act or omission'" and did not do so. *See id.* at *6.

While the instant indemnity provision is broader than *Fowler* in that it does not require a negligent act or omission to trigger the duty to indemnify, the Court cannot conclude that the instant language includes a duty to defend. In *Pengelly Trucking v. Great American Lines, Inc.*, 1996 WL 33324120 (Mich. App. July 19, 1996), the court concluded that "an indemnification clause stating

10

that plaintiff agrees to indemnify 'against any loss or claim resulting from injury or death of such driver(s)'" was "sufficiently broad to incorporate an obligation to make reimbursement for reasonable attorney fees expended in defense of a personal injury claim." *Pengelly*, 1996 WL 33324120 at *1 ("the trial court erred in part because the indemnification agreement required plaintiff to reimburse defendant for attorney fees actually expended in defending itself against the underlying action brought by plaintiff's injured driver"); *see also National R.R. Passenger Corp. V. City of Bloomfield Hills School District*, 2007 WL 1289884 at *5 (E.D. Mich. May 1, 2007) (Discussing *Pengally* and noting that "[t]he court apparently reasoned that the word "any," as used in the indemnity provision ("any loss"), "means every" loss, which would include attorney fees expended."). The Court finds that a plain reading of the indemnification provision at issue which provides for indemnification and holding Defendant GMAC "harmless from any and all losses" does not include a duty to defend but includes reimbursement for attorneys fees actually expended.

The Court notes that in *MSI Construction Managers, Inc. v. Corvo Iron Works, Inc.*, 527 N.W.2d 79 (Mich. App. 1995), the court concluded that a subcontractor was liable to the plaintiff "to the extent of its own negligence" but was not required to indemnify the plaintiff for the plaintiff's negligence. *Id*. at 81. The court summarized the *MSI Construction* indemnification provision to essentially provide that "the Subcontractor shall indemnify and hold harmless the Contractor from and against all claims arising out of the Subcontractor's work to the extent caused in whole or in part by any negligent act or omission of the Subcontractor." *Id.* at 81. The court concluded that the language "to the extent caused in whole or in part by any negligent act or omission of the Subcontractor" limited the extent of the Subcontractor's liability. *Id.* Unlike *MSI Construction*, the instant provision does not contain such limiting language.

11

The Court should grant Defendant GMAC's Motion For Summary Judgment in part and find that Defendant GMAC is entitled to indemnification for any and all losses including actual attorneys fees and costs incurred as a result of Plaintiff's Count I and the alleged breach of peace claim in remaining Count V against Defendant GMAC. The Court should order that if Plaintiffs receive a judgment from Defendant GMAC arising from Counts I and/or V (related to breach of peace), Defendant Smart Recovery will reimburse Defendant GMAC for that judgment. The Court should also order that Defendant GMAC is entitled to judgment against Defendant Smart Recovery for the actual attorneys fees and costs incurred in defending against Plaintiffs' Count I and V (related to breach of peace). The Court should deny Defendant GMAC's Motion For Summary Judgment to the extent Defendant GMAC asks the Court to find that the indemnification provision includes a duty to defend.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States*

*District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 30, 2010　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: August 30, 2010　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　Case Manager