# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THERESA MARIE SIWKA
et al.,

       Plaintiffs,               CIVIL ACTION NO. 08-cv-12152

  vs.

                                  DISTRICT JUDGE NANCY G. EDMUNDS

SMART RECOVERY SERVICE,      MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendants Police Officer David Cunningham and Village of Wolverine Lake's Motion For Summary Judgment filed on April 22, 2010 (docket no. 131) should be **DENIED** in part as to Plaintiffs' Count I against Defendant Officer Cunningham, except Plaintiff's Siwka's claim for unreasonable seizure of the vehicle, as set forth below and **GRANTED** in part as to Plaintiffs' Count I as it relates to Plaintiff Siwka's claim for unreasonable seizure of the vehicle and Count II against Defendant Village of Wolverine Lake and Plaintiffs' claim against Village of Wolverine Lake should be **DISMISSED**.

**II.**    **REPORT:**

      *A.    Procedural History, Facts, and Claims*

Plaintiffs filed their original complaint in this action on May 16, 2008. (Docket no. 1). Plaintiffs' Second Amended Complaint For Damages And Jury Demand was filed on October 2, 2008. (Docket no. 28). Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331

over their federal civil rights claims and their claim for violation of the Fair Debt Collection Practices Act. (Docket no. 28 ¶ 1).

Plaintiffs name nine defendants in their Second Amended Complaint including Defendant Officer Calvin Rix, Defendant Officer Todd Hawke, Defendant Officer David Cunningham ("Defendant Officer Cunningham," together with Officers Rix and Hawke "Defendant Officers") and Defendant Village of Wolverine Lake (Defendant Village). Plaintiffs' claims arise from a vehicle repossession on May 22, 2007. (Docket no. 28 ¶¶ 17, 18). A Retail Installment Sale Contract GMAC Flexible Finance Plan (the "Contract") dated March 30, 2006 was entered into by Plaintiff Richard K. Christie with seller and creditor Dick Morris Chevrolet, Inc. for the purchase and financing of a new 2006 Chevrolet Cobalt (the "vehicle"). (Docket no. 105-3). Dick Morris Chevrolet assigned its interest in the Contract to GMAC. (Docket no. 105-3). Pursuant to the agreement, Plaintiff Christie agreed to make sixty monthly payments beginning on May 14, 2006 in the amount of $272.49 each. (Docket no. 105-3). Additional details relating to the Contract are set forth in the Court's Report And Recommendation dated August 12, 2010 (docket no. 135, 149). The Contract provides that Federal law and Michigan law apply.

In early 2007 Plaintiff Christie fell behind on his monthly vehicle payments. (Docket no. 28 ¶ 19). Plaintiffs allege that on May 22, 2007 "Defendant GMAC sent its agent, Smart Recovery Service, L.L.C. to Plaintiffs' home to repossess" the vehicle. (Docket no. 28 ¶ 25). There is no dispute that the vehicle was parked in Plaintiffs' driveway when the repossession events giving rise to this action took place. (Docket no. 28 ¶39). Plaintiffs allege that Defendant Anthony Benavides, a police officer and employee of Ingham County who was also employed by Defendant Smart Recovery Service LLC, entered Plaintiffs' property to repossess the vehicle. (Docket no. 28 ¶¶ 6,

16, 29). Plaintiffs allege that Plaintiff Siwka attempted to explain that she was no longer in default on the car payments and allege that "Defendant Benavides made no effort to properly investigate" her claim that she was not in default. (Docket no. 28 ¶¶ 33, 34). Plaintiffs allege that Defendant Benavides then called the local police department and that Walled Lake police officers, Defendant Officers Hawke and Rix, arrived at the scene. (Docket no. 28 ¶ 38). Village of Wolverine Lake police officer Defendant Officer Cunningham arrived on the scene after Defendant Officers Hawke and Rix. (Docket nos. 28 ¶ ¶ 7, 47; 132 ¶ 4).

Plaintiffs then allege a series of events which culminated in the repossession of the vehicle and Plaintiffs being arrested, restrained and taken into custody. (Docket no. 28 ¶ 64). As set forth below, there is no evidence raising a genuine issue of fact that Plaintiffs were not actually arrested, but received a citation/ticket[1]. The alleged events of the evening as they relate to Defendants' motion are set forth in more detail in the analysis below.

Plaintiffs raise seven counts in their Second Amended Complaint. Two of the counts name Defendant Officer Cunningham or Defendant Village. Count I alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Defendant GMAC, Defendant Officers and Defendant Smart Recovery, L.L.C. Count II alleges liability pursuant to 42 U.S.C. § 1983 by the municipal Defendants including Defendant Village. Count III alleges statutory conversion, receipt or concealment by Defendants GMAC and Smart Recovery, L.L.C. Count IV alleges common law conversion by Defendants GMAC and Smart Recovery, L.L.C. Count V alleges violation of U.C.C. Article 9 by Defendant GMAC, Count VI alleges a breach of the duty of good faith under the U.C.C.

---

[1]Defendants Village and Officer Cunningham's Motion includes copies of the Walled Lake PD Arrest Report and Supplement Report for Plaintiff Siwka and Plaintiff Christie for Offense No. 4898 Obstruct Police and/or Fireman. (Docket no. 131-4).

by Defendant GMAC and Count VII is a claim for violation of the Fair Debt Collection Practices Act against Defendant Smart Recovery, L.L.C. (Docket no. 28). As summarized in the Court's Order dated September 30, 2010 (docket no. 154), a number of these claims have been disposed of pursuant to summary disposition.

Defendants Officer Cunningham and Village bring this Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 56 with respect to both of Plaintiffs' section 1983 claims against them, Counts No. I and II. (Docket no. 131). Defendants were given an extension to file this Motion for Summary Judgment and Responses were due by May 27, 2010. Plaintiffs did not file a response. The Court is mindful that it is required to construe Plaintiffs' pro se pleadings liberally, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court also notes that Plaintiffs' Second Amended Complaint was filed when Plaintiffs were represented by counsel.

This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 75). Having reviewed the brief and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record and that oral argument would not aid the decisional process. The Court will decide Defendants Officer Cunningham and Village's motion without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving

party has the burden of showing "the absence of a genuine issue of material fact." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own "pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact). "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. Summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiffs'

complaint. *See id.* The Court does not have to "accept as true legal conclusions or unwarranted factual inferences." *Id.*

*C. Analysis*

*1. Whether Plaintiffs Can Maintain Their Section 1983 Claims Against Defendant Officer Cunningham*

In Count I, Plaintiffs allege the following:

Defendant officers . . . conspired to and acted under color of law but contrary to law and did deprive Plaintiffs of their rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983, including:

a.  Plaintiffs' right to be free from an unreasonable search or seizure of their person, as guaranteed by Amendments IV and XIV of the United States Constitution, by seizing, detaining, arresting, and prosecuting them without probable cause, a search warrant, or an arrest warrant; and

b.  Plaintiffs' right to be free from an unreasonable search or seizure of their person, as guaranteed by Amendments IV and XIV of the United States Constitution, by seizing and confiscating their vehicle and refusing to return it, even though it was seized without benefit of an arrest warrant, search warrant, other legal process or court order, or other probable cause to detain it; and

c.  Plaintiffs' right to due process of law and to be free from egregious official misconduct, as guaranteed by Amendment XIV of the United States Constitution, by summarily repossessing their vehicle, without first giving them their day in court.

d.  Plaintiff Siwka's right to be free from an unreasonable search or seizure of her person, as guaranteed by Amendments IV and XIV of the United States Constitution, by using excessive and unnecessary force against her during her arrest.

(Docket no. 28 ¶ 75).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Quinn's Automotive, Inc. v. City of Parma,* 2007 WL 3232287 at *4 (N.D. Ohio, Oct. 31, 2007) ("To

assert a claim under § 1983, a plaintiff must demonstrate that '(1) the conduct in controversy [was] ... committed by a person acting under color of state law, and (2) the conduct ... deprive[d] the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.'").

Defendant Officer Cunningham first argues that Plaintiffs were never arrested and therefore cannot maintain a false imprisonment/false arrest claim pursuant to section 1983 where they were not arrested. (Docket no. 131). There is no argument that Defendant Officer Cunningham was not acting under color of state law. Plaintiffs in their Second Amended Complaint make the general allegation that they were "arrested, restrained, and taken into custody." (Docket no. 28 ¶ 64). The City of Walled Lake Police Report and Supplement Report dated May 22, 2007 indicate that Plaintiffs were issued citations/tickets for "Obstructing and Resisting."[2] (Docket no. 131-4). Defendant Officer Cunningham stated in his affidavit that "Richard Christie and Theresa Siwka were not taken into custody by me; they were not handcuffed, detained, restrained or arrested." (Docket no. 132 ¶ 53). Despite the allegation in the complaint, Plaintiff Siwka testified in her deposition that she had only been arrested once, at an incident unrelated to the repossession. She admitted that at the repossession incident she was issued a ticket. (Docket no. 131-3, p. 58-59, 61). Plaintiff Christie agreed in his deposition that he was not handcuffed, placed in a patrol car or fingerprinted and that he was issued a citation by Defendant Officer Cunningham. (Docket no. 131-5, p. 75). Other than the general allegation in Plaintiffs' Second Amended Complaint, there is simply no

---

[2] "Charge Siwka: Ticket # 96777 Obstructing and Resisting" and "Charge Christie: Ticket # 96778 Obstructing and Resisting." (Docket no. 106-3).

evidence that Plaintiffs were arrested and there is no genuine issue of material fact that the events on the evening of the repossession did not ripen into a formal arrest.

Despite the finding that Plaintiffs were not arrested, Plaintiffs' Complaint alleges an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution. "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980).

> We conclude that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Id.* at 554.

Plaintiff Siwka testified that she repeatedly asked Defendant Officer Cunningham if she could take her son into the house and he told her she was not going anywhere and that she was "staying right here." (Docket no. 131-3, p. 105-06, 110, 134 ("he was . . . holding me down, wouldn't let me go to my son. . . " and "I begged him to let me go to my house to get my son and let him in and he refused")). Plaintiff Siwka testified in the deposition and the complaint alleges that Defendant Officer Cunningham brought out a taser and "sparked it up." (Docket nos. 28 ¶ 60; 131-3, pp. 108-09, 134-35). Defendant Officer Cunningham stated in his affidavit that he "grabbed Theresa Siwka by the wrist in an effort to avoid being struck, and stated that if she did not cooperate, she would be tased." (Docket no. 132 ¶ 33). Defendant Officer Cunningham stated in his affidavit that he "removed" his taser and "sparked it in an effort to persuade Theresa Siwka to cooperate." (Docket no. 132 ¶ 35).

Plaintiff Christie's deposition testimony was consistent regarding the taser and Defendant Officer Cunningham preventing Plaintiff Siwka from moving toward her son. (Docket no. 131-5 pp. 31, 51, 57). Plaintiff Siwka testified that at that time, Defendant Officer Cunningham had her pinned against the car with one hand on her shoulder and would not let her go to her son. (Docket no. 131-3 pp. 109-10). Plaintiff Siwka testified in her deposition that after Defendant Officer Cunningham had the taser out she said she was going to call the U.S. Marshals or the Oakland County Sheriff and that she did not, because Defendant Officer Cunningham would not let Plaintiffs go in the house and get the phone. (Docket no. 131-3 pp. 117-18).

Plaintiffs also allege a confiscation and seizure of the vehicle and a violation of their right to due process of law by the repossession of their vehicle without "first giving them their day in court." Defendant Officer Cunningham stated in his affidavit that he "advised both Theresa Siwka and Richard Christie that the recovery company would take possession of the subject Cobalt, and that Theresa Siwka and Richard Christie should attempt to resolve the situation with GMAC in the morning." (Docket no. 132 ¶ 14). He also stated that he "advised the recovery company to remove the subject vehicle." (Docket no. 132 ¶ 15). Defendant Officer Cunningham's affidavit shows that he removed both Plaintiff Christie and Plaintiff Siwka from between the tow truck and the vehicle, where they had positioned themselves to prevent the vehicle being removed. (Docket no. 132 ¶¶ 25 - 37). Evidence shows that Plaintiffs objected to the repossessing of their Vehicle. Defendant Officer Cunningham's brief and affidavit show that Plaintiffs were "interfering with the attempted repossession," Plaintiffs were "at a minimum verbally attempting to prevent the repossession and being abusive to the officers," and "[i]f the Officers' version is to be believed, then [Plaintiffs] were

being physically obstructive," and "Plaintiffs were out of their home, and attempting to stop the repossession,"   (Docket nos. 131 pp. 8, 9, 12; 132 ¶¶ 3, 9, 13, 16, 21).

Defendant Officer Cunningham stated in his affidavit that "[d]uring this incident, [he] acted as a peace officer, trying to calm Theresa Siwka and Richard Christie down, and trying to facilitate a peaceful resolution to the matter."  (Docket no. 132 ¶ 49).  Defendant Officer Cunningham's argument ignores the surrounding circumstances of the events in question, which raise a genuine issue of material fact when considered in their totality.  Plaintiffs were objecting to the repossession of the vehicle by Defendant Benavides and Smart Recovery, LLC.  Plaintiff Christie testified that he told the repossession agent to get off his property and that he also objected to the Defendant Officers about the attempted repossession of the Vehicle.  (Docket no. 131-5 pp. 17, 22-23, 28-30).

Chapter 440, section 9609 of Michigan Compiled Laws provides that "[a]fter default, a secured party may do 1 or more of the following: . . . (a) Take possession of the collateral. . . ." and "(2) A secured party may proceed under subsection (1) either pursuant to judicial process, or without judicial process if it proceeds without breach of the peace." M.C.L.A. § 440.9609.  This section was formerly Uniform Commercial Code (U.C.C.) section 9-503.  Comments to the Uniform Commercial Code explain that

> Like former Section 9-503, this section does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts. In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral.
>
> This section does not authorize a secured party who repossesses without judicial process to utilize the assistance of a law-enforcement officer. A number of cases have held that a repossessing secured party's use of a law-enforcement officer without benefit of judicial process constituted a failure to comply with former Section 9-503.

M.C.L.A. § 440.9609, Uniform Commercial Code Cmt. (2003).

In *Watkins v. Kanitz*, 2004 WL 3457634 (W.D. Mich. Sept. 24, 2004), in a set of circumstances not dissimilar to the instant action, the court pointed out that for a repossession without judicial process, the secured party could only proceed without breach of the peace. The plaintiff "was thus entitled to object to the repossession, and upon her refusal to allow Loomis [acting on behalf of the finance company] to take the van, Loomis was required to terminate his efforts at self-help and to seek a court order. Loomis persisted in his efforts to take the van, even after Defendants [officers] arrived on the scene." *Watkins*, 2004 WL 3457634 at * 3.

In the present action, there is no allegation or evidence in the pleadings to date that Defendant Benavides and Smart Recovery had a court order authorizing the repossession. Defendant Officer Cunningham referred to the documents as a "GMAC Outside Repossession Company (ORC) Assignment" issued on May 21, 2007. (Docket no. 132 ¶ 11). Defendant GMAC had a Contract authorizing repossession of the Vehicle upon default and pursuant to state and federal law[3]. (Docket no. 135). Therefore, there is no genuine issue of fact that this repossession was not pursuant to judicial process.

Plaintiffs and Defendant Officer Cunningham disagree about the question of fact regarding at what point in the chronology of events the tow truck was hooked up to the Vehicle. (Docket nos. 131-5 pp. 22-25; 132 ¶8). There is no disagreement that the vehicle was still in Plaintiffs' driveway when Defendant Officers arrived at the scene. Evidence also shows that both Plaintiffs objected to the repossession. There is no genuine issue of fact, based on both Plaintiffs' testimony and that of

---

[3]Defendant Officer Cunningham's Supplement Report refers to "paperwork from GMAC," not a court order. (Docket no. 131-2, 131-4).

Defendant Officer Cunningham, that Plaintiffs objected to Defendant Benavides taking the vehicle[4].

This Court finds *Watkins* well-reasoned in its finding that "the evidence in the record establishes that Defendants [Officers] did more than maintain the peace; instead, they decided that the situation would be resolved by allowing Loomis to take the van, not withstanding the lack of a court order and Watkin's demands that Loomis leave her property." *Watkins*, 2004 WL 3457634 at * 4. As in *Watkins*, Defendant Officers including Defendant Officer Cunningham, as evidenced by their own testimony, decided that the situation would be best diffused by allowing the repossession company to repossess the vehicle and "resolve the situation with GMAC in the morning" and Defendant Officer Cunningham made statements and took action to this end. (Docket no. 132 ¶ 14; *see also* 106-4 ¶ 7, 11-13; 106-5 ¶ 8, 12-14).

Defendant Officer Cunningham, as shown by his affidavit and the Supplement Report, removed the Plaintiffs from between the vehicle and the tow truck[5], facilitating the repossession, and allegedly restrained Plaintiff Siwka. Plaintiff Christie testified that Defendant Officer Cunningham threatened to have him arrested. (Docket no. 131-5 p. 73). Plaintiff Christie testified that the vehicle was being hooked up to the tow truck while Plaintiffs were being held back. (Docket no. 131-5 pp. 35-37).

"The Supreme Court has recognized that a police officer's participation in an improper repossession (without a court order) constitutes a seizure under the Fourth Amendment." *Watkins*,

---

[4] The Court found in its prior Report and Recommendation that there is no genuine issue of material fact that Plaintiff Christie alone was the legal owner of the vehicle. (Docket no. 135). Therefore, Defendants' motion as to Plaintiff Siwka's claim for unreasonable seizure of the vehicle should be granted, where the vehicle belonged to Plaintiff Christie, not her.

[5] Plaintiffs at their depositions each denied being between the vehicle and the tow truck.

2004 WL 3457634 at *4. Defendant Officer Cunningham's conduct is relevant to the issue of reasonableness and probable cause. "Based upon the evidence, a jury could reasonably find that Defendants improperly precluded [Plaintiff] from asserting [his] right to object to the" self-help repossession "and thereby created the circumstances giving rise to the alleged probable cause" and reasonableness of their actions. *See Watkins*, 2004 WL 3457634 at *4; *compare with United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980) ("mere acquiescence by the police to 'stand by in case of trouble' was insufficient to convert the repossession of the truck into state action.'"); *and Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989 (6th Cir. 1994) (The plaintiff "attested that the detention lasted no longer than five minutes, that he was not taken into custody, searched, or charged and that he at all times felt at liberty to walk away from the patrolman."). The Court finds that there are genuine issues of material fact with regard to reasonableness and whether probable cause existed, precluding the granting of summary judgment on this issue.

2.  *Whether Plaintiffs Established An Actionable Claim for Excessive Force Against Defendant Officer Cunningham*

    a.  **Whether a Constitutional Violation Occurred**

Defendant Officer Cunningham argues that his actions were objectively reasonable under the circumstances and that Plaintiff Siwka's claim for excessive force must fail[6]. Defendant Officer Cunningham correctly argues that Plaintiff Siwka's excessive force claim must be analyzed under

---

[6] The Court notes that there is no excessive force claim in Plaintiffs' Second Amended Complaint (docket no. 28) by Plaintiff Christie. Plaintiffs have specifically excised Plaintiff Christie from their 42 U.S.C. § 1983 claim relating to excessive force and name only Plaintiff Siwka with respect to the excessive force claim. (Docket no. 28 ¶¶ 62, 75(d)). The remaining section 1983 claims refer to both Plaintiffs. The Second Amended Complaint does not contain a section 1983 claim for excessive force related to Plaintiff Christie.

the Fourth Amendment and its "reasonableness" standard rather than under "the more generalized notion of 'substantive due process.'" *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). To hold a police office liable for use of excessive force, Plaintiffs must prove that the officer did the following: "(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *See Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

In analyzing whether Defendant Officer Cunningham's actions were reasonable, factors that will bear on the issue are "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. In a motion for summary judgment the court construes the evidence in the non-moving party's favor. The Court concludes that Plaintiff Siwka has presented evidence sufficient to raise an excessive force claim. With respect to the crime at issue, Plaintiffs were never formally arrested, but they were issued citations for obstructing and resisting. This is not a severe offense. Like *Watkins*, there is evidence that Defendant Officers, including Defendant Officer Cunningham "contributed to the circumstances giving rise to the arrest as a result of improperly assisting" in the repossession. *Watkins*, 2004 WL 3457634 at * 6.

Next, there is no evidence or allegation that Plaintiff Siwka posed a theat to anyone and Defendant Officer Cunningham alleges that Plaintiffs were removed from between the Vehicle and the tow truck for their own safety. (Docket no. 132 ¶ 50). It remains a disputed issue of fact whether Plaintiffs were actually between the Vehicle and the tow truck. Finally, with respect to whether Plaintiff Siwka was cooperating or was actively resisting arrest or attempting to flee, there is no evidence or allegation that Plaintiff Siwka was attempting to resist an arrest or flee. Her own

and Plaintiff Christie's testimony was that she was trying to move toward her son near the home. The Court finds that there is evidence upon which a reasonable jury could conclude that Defendant Officer Cunningham's use of force and actions were objectively unreasonable.

The facts taken in the light most favorable to Plaintiff Siwka raise a genuine issue of material fact whether Defendant Officer Cunningham's actions were excessive. Therefore, summary judgment on this issue is not appropriate.

### b. Whether Qualified Immunity Applies To Defendant Officer Cunningham

Defendant Officer Cunningham argues that even if Plaintiffs can demonstrate that their constitutional rights were violated, he is entitled to qualified immunity. Whether Defendant Officer Cunningham is entitled to qualified immunity involves two questions: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (quotations omitted). Defendant Officer Cunningham correctly asserts that "[i]t cannot reasonably be disputed that the right to be free from excessive force is a clearly established right." (Docket no. 131 p. 11-12; *see also Martin v. Heideman*, 106 F.3d 1308, 1312-13 (6th Cir. 1997) ("[t]here is no question that the right to be free from excessive force during arrest is a clearly established right")).

"Qualified immunity is a question of law, but 'where the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability.'" *McKenna v. Edgell,* 617 F.3d 432, 437 (6th Cir. 2010) (citing *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 900 (6th Cir. 2004)). "'Thus, to the extent there is disagreement about the facts, . . . we must review the evidence in the light most favorable to the Plaintiff[], taking all

-15-

inferences in [his] favor.'" *Id.* "There cannot be a finding that the arrest involved excessive force and a finding that the Officers' actions were reasonable. By definition, that which is excessive is unreasonable." *See Minchella v. Bauman*, 72 Fed. Appx. 405 (6th Cir. 2003); *see also Watkins*, 2004 WL 3457634 at *7 ("Because the evidence in this case is sufficient to establish that Defendants' conduct was unreasonable, Defendants are not entitled to qualified immunity on the excessive force claim."). For the reasons set forth herein, summary judgment on the issue of qualified immunity is inappropriate and the Court should deny Defendant Officer Cunningham's motion on this issue.

3. *Whether Plaintiffs Can Maintain Their Section 1983 Claim Against Municipal Defendant Village of Wolverine Lake*

Defendant Village argues that it should be dismissed as a defendant in this action where Plaintiffs have failed to show any evidence to support their 42 U.S.C. § 1983 claim against Defendant Village. Plaintiffs' claims are set forth in further detail in the Second Amended Complaint. (Docket no. 28 ¶¶ 77-78). In summary, Plaintiffs allege that the named municipalities, including Defendant Village, through their respective police and Sheriff's department have established "a practice, policy, or custom which directly and proximately caused the injuries and harm suffered by Plaintiffs" and sets forth four subparts making additional, general allegations related to failure to supervise and discipline, failure to take action, conducting a "curbside courtroom," failure to train, and failure to prevent the violation of Plaintiffs' Fourth Amendment rights. Plaintiffs also alleged that each municipality's practice, policy or custom, as set forth throughout the Complaint, "was the moving force that did deprive Plaintiffs of their rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983" and sets forth the claims for violations of Plaintiffs' individual Constitutional rights,

consistent with those set forth in Plaintiffs' section 1983 claims against Defendant Officers and Defendant Officer Cunningham. (Docket no. 28 ¶¶ 77, 78).

"[S]ection 1983 actions against municipalities carry certain special elements, including proof (1) that the City pursued an official custom or policy of failing to adequately train, supervise, or discipline its officers in a particular manner, and (2) that such official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989 n.8 (6th Cir. 1994). "A plaintiff cannot rely on a theory of respondeat superior to hold a municipality liable under § 1983." *Quinn's Automotive,* 2007 WL 3232287 at *5. "In an action alleging municipal liability, the plaintiff must plead the facts upon which he bases his claim; mere conclusory allegations are insufficient." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251, 1256 (E.D. Mich. 1992).

Discovery has closed in this matter, ample time for discovery has passed and there is no evidence in the record to support the necessary findings for a section 1983 claim against Defendant Village. In this instance, Plaintiffs have made only conclusory allegations and have failed to plead the facts on which they base their claims. Plaintiffs' amended complaint and deposition fail to identify a policy or custom at issue, and there is neither evidence of a pattern or practice of the alleged misconduct nor evidence of a failure which amounts to deliberate indifference of those affected by the policy or custom. For these reasons, Plaintiffs have failed to state a claim against Defendant Village of Wolverine Lake and Plaintiffs' claim against the Village of Wolverine Lake should be dismissed.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 28, 2010         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Theresa Marie Siwka and Richard Kenneth Christie and Counsel of Record on this date.

Dated: October 28, 2010               s/ Lisa C. Bartlett
                                      Case Manager